WILLIAM WATKINS, plaintiff in error, *vs.* JOHN D. POPE, defendant in error,

(Brown, C. J., having been of counsel in this case, did not preside in it.)

When A. sold to B. a stock of merchandize in consideration that B. would pay a certain debt of $500 due by A., to which B. was security, and in further consideration that B. would pay the debts due by A. for the stock of goods, which amounted to $1,500:

*Held,* That the *mode* of payment was a part of the consideration, and that even as to the $1,500 A. has no right of action against B. until he fails or unreasonably delays to pay the debts due by A. for the stock of goods.

Nor can a general creditor of A., in the absence of any fraud or collusion between parties, with intent to hinder or defraud the creditors of A., subject by the process of garnishment, this obligation of B. to the payment of the debt the creditor holds against A. In such a case A.'s general creditors may, by garnishment, place themselves in A.'s place, with all his rights against B., with the additional advantage that they are not estopped by A.'s own fraud, if there be any, and if B. has refused, or unreasonably delayed to pay the stock-debts, or has failed to perform his contract with A., they may recover.

Attachment and garnishment.   Before Judge Parrott. Fulton Superior Court.   October Term, 1868.

Pope sued out attachment against E. H. Williams, and had Watkins garnisheed, on the 30th of March, 1867. Pope afterwards had judgment against Williams. Watkins answered, denying that he owed Williams, or had any of his property. This answer was traversed.

It was agreed that this issue should be decided by Judge Parrott, (presiding for Judge Pope, the plaintiff,) and that a verdict should be taken under his direction.

The other facts submitted to Judge Parrott, as agreed upon by counsel, were these:   On the 23d of March, 1867, said Williams and Watkins entered into a written contract as follows:

"Georgia, Fulton County:

Contract this day made and entered into between E. H. Williams, of the one part, and William Watkins, of the other part, both of said State and county: Witnesseth, that I, the said Williams have this pay sold and delivered to the said Watkins my entire interest in stock of jewelry now in the store, known as the Crystal Palace, consisting of watches, clocks, plated ware, show-cases, and a general assortment of jewelry, together with my interest in said Crystal Palace building, for and in consideration that he, the said Watkins, pay off and discharge all the debts of said concern now owing for the stock, which amounts to the sum of $1500 00, and which he, the said Watkins, obligates himself to pay, and also for and in consideration of the further sum of $500 00, which I

owe for borrowed money, to William Solomon, and for which he, the said Watkins, is security, which said sum of money he, the said Watkins, this day obligates himself to pay.

In testimony whereof I set my hand and seal.

E. H. WILLIAMS.

Signed and delivered, this 23d day of March, 1867, in presence of

Mr. L. GILBERT, witness,
C. M. FRAZIER,          "
ROBERT POWELL,          " "

The northern creditors referred to in said agreement knew nothing of said contract previous to the making of it, nor until after the garnishment was served. It did not appear, by the agreed facts, who these creditors were, whether there were any such, or that if any, they have as yet heard anything of the contract.

Under this state of facts, the Judge directed a verdict against Watkins for the amount due on the said judgment against Williams.

This decision is assigned as error.

HAMMOND, MYNATT and WELBORN, for plaintiff in error, said this was an absolute sale to Watkins, and cited Code of Georgia, sections 3226 and 3485, as to garnishment, and *Hoskins, Huskill & Co., vs. Johnson & Garrett,* 24 *Ga. R.,* 628, Cook vs. Walthal, 20 Ala. R., 334; Roley vs. Labergan, 21 Ala. R., 60. Creditors' assent would be presumed. Deforrest vs. Bacon, *et al.,* 2 Conn. R., 633; Brooks vs. Marbury, 11 Wheaton R., 78. There is sufficient certainty as to these creditors. 2 Parsons on Con., 561; *McWhorter vs. Wright, Nichols & Co.,* 5 *Ga. R.,* 555. Williams could not make Watkins re-pay him. Pike vs. Brown, 7 Cush. R., 133. Those creditors alone can sue Watkins. *Whitehead vs. Peck,* 1 *Kelly,* (*Ga. R.,*) 147; Fulton vs. Dickinson, 10 Mass. R., 290; Cabot vs. Haskins, 3 Pick R., 91; Hale vs. Marston, 17 Mass., 575.

CLARK & LOCHRANE and J. D. POPE, for defendant in error, furnished no brief to the Reporter.

McCAY, J.

The written contract between Williams and Watkins reveals the following transaction :

Williams sells to Watkins a certain "stock" of goods in a store-house in Atlanta, and Watkins agrees to pay for them by paying a certain debt of $500 to William Solomon, due by Williams, to which Watkins was security; second, by paying the debts Williams owed for the "stock," estimated at $1,500.

Within ten days after this sale, Mr. Pope garnishees Watkins, and it is contended that he is entitled to a judgment on the ground that Watkins is indebted to Williams $1,500 00. We think not.

The mode of payment was evidently one of the considerations in the sale. Watkins has a right by his contract to pay in a particular manner. As to the $500 00, it is admitted that he might have the very strongest reasons to pay that rather than cash. But we can easily see why, with the best intentions, as he was himself about to embark into business, and perhaps deal with these very stock creditors, he should stipulate for the payment of the debts due them. It does not appear that these debts were all due at the time, and it might be that he hoped to get some indulgence on them. At any rate, that was his contract, and until he breaks it neither Williams nor his creditors can complain. There being no time fixed within which this payment was to be made, we think he had a reasonable time, considering the distance and number of the debts.

If, within a reasonable time, he has failed or refused to pay these debts, or to have himself substituted for Williams, so as to relieve Williams entirely, then he has broken his contract, and Williams, or his creditors, may proceed against him.

We do not think this is a novation under the Code, section

2682, for there was clearly no assent of any of the creditors, much less an agreement on their part to look to Watkins, and this is necessary to constitute a novation.    Code, section 2682.

Nor is it an assignment in trust for the benefit of these creditors, which the Court will presume they will assent to, because it is for their benefit.    It does not pretend to be an assignment.    It is a simple sale, the consideration of which is the payment by Watkins of certain debts due by Williams.

Nor is it a deposit, by Williams, with direction for its application, and subject therefore to revocation.    If this were so, the case of *Howard College vs. Pace*, 15th *Ga.*, 486, would be a strong authority for the plaintiff in the garnishment.

If it appeared that there was in this transaction any fraud, any attempt to hinder or delay the creditors of Williams, or any collusion between Watkins and him, for his (Williams') benefit, that would give an entirely new aspect to the case. Watkins, it is plain, has got the effects of Williams, but if he has them for any fraudulent purpose against the creditors, he can be made chargeable by them, or any of them.

These particular creditors, to-wit: the stock creditors, have no special interest in this transaction until they assent to it, and release Williams.

If, therefore, there is any collusion or arrangement between Williams and Watkins to hinder or defraud Williams' creditors, by this *mode* of payment, nominally agreed upon, any creditor may interfere.    He would have every right of Williams, and the additional advantage, that he might set up Williams' fraud, which *he* could not do.    We repeat, however, if there is no fraud, Watkins had a *right to his contract*. If he refuses, or, after a reasonable time, fails to comply, a right of action arises in Williams, and therefore, in his creditors.

Judgment reversed.