ALFRED PRESCOTT, plaintiff in error, vs. JOHN KING, defendant in error.

A suit was pending in favor of R. against T, and his sureties.   The sureties held a mortgage given by T on certain personal property.   They consented to the sale of the mortgaged property on the condition that the proceeds were to be deposited with K, to be applied to the judgment of R when obtained.   This was done before P obtained judgment against T:

*Held*, that the money in the hands of K was not subject in a proceeding by garnishment to be appropriated to the judgment of P, although it was older than the one in favor of R.

Garnishment.   Before Judge JAMES JOHNSON.   Muscogee Superior Court.   November Term, 1873.

Prescott sued out process of garnishment on a judgment obtained on November 30th, 1872, in Muscogee Superior Court, for $526 85 against James F., and Robert R. Thweatt, drawers, and Redd, Hatcher & Thomas, acceptors, and had the same served on John King.   The garnishee answered, and a traverse was filed.

The evidence upon this issue made in substance the following case :   Prior to the service of said process of garnishment James F. Thweatt made two deposits with King, who was a banker, one of $120 00 and the other of $180 00.   About the time of these deposits Robert R. Thweatt, as trustee,

placed in his hands a note for $400 00 on certain parties, payable to said Thweatt, as trustee, or bearer. The amount due on this note had been collected before the aforesaid service. These deposits were made upon the following agreement:

There was a suit pending in favor of James K. Redd, executor of Owen Thomas, deceased, against James F. Thweatt and his securities, upon his bond as temporary administrator of said Owen Thomas. The securities upon said bond, as indemnity, held a mortgage upon certain personal property of James F. Thweatt, which the latter desired to sell. The securities consented to said sale upon condition that the proceeds thereof should be deposited in the hands of King, to abide the termination of the suit aforesaid. The deposits above referred to (including the note) covered the proceeds of said sale.

It further appeared that Redd, executor, had since recovered in said suit a judgment for $3,200 00. King had not paid the money to him on account of said garnishment.

The court charged the jury, "that if the special deposit was made under an agreement that the same was to be held by King, and by him to be turned over to Redd, executor, in the event he was successful in his suit, and he, Redd, had been successful, then the said King was not liable to the plaintiff as garnishee of said Thweatts." To which charge plaintiff excepted.

The jury found for the garnishee. The plaintiff assigns error upon the aforesaid ground of exception.

G. E. THOMAS, for plaintiff in error.

PEABODY & BRANNON, for defendant.

TRIPPE, Judge.

The sureties of Thweatt held a mortgage to indemnify themselves as such sureties against a certain liability due Redd, as executor of Owen Thomas, deceased. This claim was in suit, and whilst it was pending it was agreed by the parties

that the property—the same being personal property, and Thweatt desiring to sell—should be sold, and the proceeds placed in the hands of King, to abide the result of the litigation on Redd's suit.    This was done according to the agreement.    Before Redd obtained judgment, Prescott, the plaintiff in error, obtained one against Thweatt, and served King, the depository as above stated, with a summons of garnishment.    The securities of Thweatt had also sued out an injunction restraining the sale of the mortgaged property.

Under this state of facts we think equity requires the appropriation of the proceeds of the sale of the mortgaged property thus raised and specially deposited, to the payment of the judgment against the sureties.    They had a prior lien on the property by virtue of the mortgage for their indemnity.    It was not lost by the agreement to sell and to make a special deposit of the proceeds, to stand in lieu of the property.    No fraud was charged, either as to the mortgage, or sale, or the deposit.    Prescott's judgment never had a lien on the property, for it was sold before his judgment was rendered. When the money was placed with King it was as a special deposit, made for the benefit of Redd, a creditor, and the sureties of his debtor.    That debtor had no right to withdraw it, or to claim the fund unless Redd failed in getting judgment. Thweatt had admitted an amount to be due to Redd before the deposit was made, more than sufficient to absorb it, and Redd's judgment is three or four times that amount.

The judgment of the court below, holding that this fund should go to the judgment it was raised and specially deposited to pay, was right.

Judgment affirmed.