TWITCHELL CHAPMAN & CO. v. A. W. MEARS, AND TRUSTEE, MARK MEARS.

*Trustee Process.* R. L. s. 1082.

1. A conveyed certain property to B, in consideration of which B promised to pay A's debts, among which was the plaintiff's. *Held*, that B was chargeable as trustee in an action against A.
2. The name of a trustee may be inserted in the writ after the attachment of property, but before service on the principal defendant.

TRUSTEE process. Commissioner's report. Heard March Term, 1883, Washington County, REDFIELD, J., presiding. Judgment that the trustee be discharged. The value of the goods turned over to the trustee was less than his debt against the principal defendant. The goods so turned out were attached on the writ; and after the attachment, but before a copy had been delivered to the principal defendant, the trustee's name was inserted in the writ. The other facts are stated in the opinion.

*W. P. Smith* and *Nichols & Dunnett*, for the plaintiffs, cited *Corey* v. *Powers*, 18 Vt. 587.

*J. P. Lampson*, for the trustee, cited *Bishop Smith & Co.* v. *Catlin*, 28 Vt. 71; *Woodward* v. *Wyman* and Tr. 53 Vt. 645; 15 Vt, 252.

The opinion of the court was delivered by

TAFT, J. The principal debtor conveyed a stock of goods to the trustee, and in consideration the trustee promised to pay certain demands against the debtor, among them the plaintiff's. We think this constitutes a credit in the hands of Mark Mears which can be reached by the trustee process. *Corey* v. *Powers*, 18 Vt. 587; *Woodward* v. *Wyman*, 53 Vt. 645. Before the arrangement Mark had a lien upon the goods as security for his claims against A. W. Mears. By it he became the absolute

owner; so we think there was an ample consideration for his promise. The trustee's name was inserted in the writ before service upon the principal defendant; he was therefore properly summoned. R. L., s. 1082.

Judgment reversed, and judgment that the trustee is chargeable for the amount of the judgment.