## MARTIN vs. COPELAND.

1. A stipulation by one of two contracting parties that he will pay a debt due from the other to a third person (who is no party to the agreement), being made on sufficient consideration, creates the relation of debtor and creditor between the parties to the contract; and if the debt to such third person be not paid, it may, when reduced to judgment, be collected from the promissor by process of garnishment.

2. The evidence of the contract and of its consideration was sufficient in this case.

3. At the commencement of the call of the docket of the circuit to which this case belonged, the following order was passed, on motion and notice given to counsel for defendant in error: "It being suggested to the court by counsel for plaintiff in error that the clerk of the superior court of Milton county has sent to this court the true original bill of exceptions in this case, but by mistake has certified the same to be a copy bill of exceptions, it is ordered that the clerk of this court send said bill of exceptions to the said clerk of the superior court, with direction to attach thereto a proper certificate, in case it should be true that such mistake was made by him." (Rep).

February 26, 1887.

Debtor and Creditor. Garnishment. Contracts. Practice in Supreme Court. Before Judge BROWN. Milton Superior Court. February Term, 1886.

Copeland obtained a judgment against Curtis in a justice's court and garnished Martin, who answered not indebted, and the plaintiff traversed the answer. The case was appealed to a jury in the justice's court, and on the trial, the evidence for the plaintiff was, in brief, as follows: In 1884, Curtis and Smith rented land together from Martin. They went into the contract together, but the interest of each severally was to be bound to Martin until he was paid for the supplies furnished by him. He purchased for them certain supplies at stores named. In the spring or early summer, defendant and Smith transferred their trade to Copeland. Martin gave no written order to Copeland, but it was all understood that the tenants had moved their

trade. This trading with Copeland was continued until about September 28, when defendant and Smith went to Martin and proposed to sell out their interest in the crop to him if he would assume their indebtedness at the various stores, including what was due to Copeland. After inquiring as to the indebtedness, Martin stated that there were some things which had been purchased from Copeland for which he would not pay, but agreed to pay $48.86 for the defendant. This he did not pay, and Copeland, having obtained a judgment for that amount against Curtis, garnished Martin.

The jury found in favor of the plaintiff against the garnishee, who carried the case to the superior court by *certiorari*. The presiding judge sustained the verdict and judgment below, and the garnishee excepted.

J. P. BROOKE; GEO. F. GOBER; W. R. POWER; J. B. ALEXANDER, for plaintiff in error.

B. F. SIMPSON; W. J. WINN, for defendant.

BLECKLEY, Chief Justice.

A tenant and his landlord settled. The tenant owed a debt to Copeland of a certain amount, and the landlord took the growing crop and agreed to pay this debt, but did not. Copeland sued the tenant and got a judgment, and then garnished the landlord as a debtor of the tenant. Two courts below have held that the landlord was the tenant's debtor—that agreeing to pay the amount to the tenant's creditor, and receiving the consideration for such agreement, made him the tenant's debtor. After the tenant's creditor (who was no party to the arrangement entered into by the others for his payment) obtained judgment against the tenant, why could he not reach the landlord's debt to the tenant and collect his money?

1. A stipulation by one of two contracting parties that he will pay a debt due from the other to a third person

376 SUPREME COURT OF GEORGIA.

(who is no party to the agreement), being made on sufficient consideration, creates the relation of debtor and creditor between the parties to the contract; and if the debt to such third person be not paid, it may, when reduced to judgment, be collected from the promissor by process of garnishment.

2. The evidence of the contract and of its consideration was sufficient in this case.

This case is unlike *Watkins vs. Pope*, 38 *Ga.* 514, in which a creditor, not provided for in the agreement, sued out garnishment.

Judgment affirmed.