<hr/>

### Cox *vs.* Reeves.

Where, by direction of the owner of a certain fund, it was placed in the hands of another to be paid to a third party, the bailee not having promised to pay the money to such third party, and the latter not having authorized it to be placed in the bailee's hands, the fund in the hands of the bailee, before payment or promise to pay by him, was the money of the bailor and subject to garnishment at the instance of his creditors.

April 14, 1887.

Garnishment. Bailments. Title. Principal and Agent. Before Judge BOYNTON. Pike Superior Court. October Term, 1886.

Reported in the decision.

J. S. POPE, by BROYLES & JOHNSTON, for plaintiff in error.

E. F. DUPREE, by ROBT. L. ROGERS, for defendant.

BLANDFORD, Justice.

J. W. Reeves had certain cotton levied on and sold by a constable, and it brought $69 over and above what was sufficient to pay the execution levied on it. This money was in the hands of the constable, who had been directed by Reeves to pay it over to his brother, H. H. Reeves, to be paid to his mother, Mrs. Paulina L. Reeves. Cox, a

creditor of J. W. Reeves, sued out a summons of garnishment, which was served on H. H. Reeves. H. H. Reeves answered that summons, and it appeared from his answer that this $69 was in his hands; that it was in his hands at the time this garnishment was served upon him ; and that he had received it from the constable, by order of his brother, for the purpose of paying it over to his mother. It further appeared that Mrs. Paulina L. Reeves had never authorized J. W. Reeves to put this money in the hands of H. H. Reeves for her, nor had H. H. Reeves promised to pay her this money before the summons of garnishment was served upon him. A jury in the justice's court, under these facts, found for the garnishee, H. H. Reeves. Cox sued out *certiorari* to the superior court, and the case was removed there; and upon the hearing of the *certiorari*, the superior court overruled it and affirmed the judgment in the justice's court. Cox excepted to that judgment of the superior court and brought the case here for review.

We are aware that a rule does prevail in some jurisdictions, and probably it may be the correct rule, that where one places money in the hands of another, to be paid to a third party, the third party may bring an action against the bailee for the money ; that the bailee holds the money in trust for the third party. And while this may be a correct ruling, yet a different rule has been established by this jurisdiction. It has been decided in several cases, and may be assumed now to be the law of this State, under the decisions of this court, that wherever money is in the hands of one under such circumstances as these, no action will lie in favor of the third party against the bailee. And it has been further ruled by this court that where money was in the hands of the bailee before he promised to pay it to a third party, and had not been placed there at the direction of the third party, it was the money of the bailor until it was actually paid over, or until the bailee had promised to pay it over to the third party. Such were the decisions of this court in 15 *Ga.* 486; 51

*Id.* 325; 40 *Id.* 217. It is very manifest, therefore, that the judgment of the superior court upon the *certiorari* was wrong, and in violation of the rule established by this court. That rule has been settled, and we do not feel called upon to interfere with it. So we reverse the judgment of the court below in overruling the *certiorari* and in sustaining the judgment of the justice's court.

Judgment reversed.