## BLUTHENTHAL & BICKART *v.* SILVERMAN.

Where one places money in the hands of another to be used to pay certain creditors of the former, such creditors not being parties to the arrangement and not having accepted or ratified the same, the fund is the property of the depositor, and as such is subject to process of garnishment.

Submitted March 2, — Decided March 27, 1901.

Garnishment — certiorari.   Before Judge Reese. Elbert superior court.   March 17, 1900.

*Rogers & Rogers,* for plaintiffs.

SIMMONS, C. J.   The plaintiffs sued out an attachment against Jake Silverman, and in aid thereof had a summons of garnishment issued against Mrs. S. Silverman.   The garnishee answered not indebted, and this answer was traversed by the plaintiffs.   Upon the trial of the case before a jury in a justice's court it appeared that the defendant had sold to the garnishee a stock of goods for a certain amount, receiving a portion thereof in cash, and leaving the balance in the hands of the garnishee for the purpose of paying off the defendant's indebtedness to certain creditors.   Such creditors were not parties to this arrangement for the payment of their claims.   The garnishee paid off a few of the debts of the defendant before the service of the summons of garnishment, but at the time of such service had remaining in her hands more than enough to pay the claim of the plaintiffs.   The jury found against the traverse, and the plaintiffs sued out a writ of certiorari.   Upon the hearing in the superior court, the judge overruled the certiorari.   The plaintiffs excepted.

When the defendant sold his stock of goods to the garnishee at a fixed price, she became indebted to him for that amount.   This indebtedness was reduced by the amounts she paid to him and, by his direction, to his creditors before the service of the summons of

garnishment, but she was still indebted to him for such unpaid balance as remained in her hands.   To the amount of such balance she was still his debtor.   She can not be regarded as the debtor of the creditors or as holding the fund for them; for, except as to those whose claims were actually paid, the creditors do not appear to have been parties to the agreement or to have subsequently accepted or ratified it.   There was no promise made to the creditors by the garnishee that she would pay the money in her hands to them.   It was merely a deposit, with direction for its application, and subject to revocation by the depositor.   The case is therefore distinguishable from *Watkins* v. *Pope*, 38 *Ga.* 514, and is controlled by *Trustees* v. *Pace*, 15 *Ga.* 486, *Mayer* v. *Bank*, 51 *Ga.* 325, and *Cox* v. *Reeves*, 78 *Ga.* 543.   See also *Wimberly* v. *Bryan*, 55 *Ga.* 198, and *Martin* v. *Copeland*, 77 *Ga.* 374.   The balance left in the hands of the garnishee at the time of the service of the summons of garnishment was the property of the depositor, subject to such application as he might direct, and, therefore, subject to process of garnishment by his creditors.   The certiorari should, therefore, have been sustained.

*Judgment reversed.   All the Justices concurring.*