[Civ. No. 1414. First Appellate District.—November 5, 1914.]

## WILLIAM WADE et al., Respondents, v. CITY AND COUNTY BANK (a Corporation), Appellant.

MECHANICS' LIENS—DEPOSIT OF CHECK WITH BANK TO PAY—TRUST FOR CLAIMANTS NOT CREATED.—Where an owner of property delivered her check to a bank in which she was a depositor, which check was afterwards certified by the bank, with instructions to pay it to a certain building company with which she had made a contract to construct a building upon her property, upon the production of satisfactory releases of liens and notices to withhold, executed by various parties who performed labor upon and furnished material for the construction of the building, and about three years after the deposit of the check, the construction company served notice upon the bank that it no longer had any interest in the check, whereupon the bank applied the amount of money represented by the check upon an, indebtedness of the depositor to it under its banker's lien, under the circumstances, no trust in the funds was created in favor of the lien claimants, and the bank was justified in applying the amount of the check upon the indebtedness of its depositor.

ID.—NO EQUITABLE ASSIGNMENT OR ESTOPPEL—LACK OF PRIVITY.—In such a case the transaction neither creates a trust in favor of the lien claimants, or an equitable assignment; nor is there anything that could in any manner be construed as creating an estoppel in their favor, where the record does not show that they knew anything of it. The entire transaction was simply a means adopted by the owner of the building of setting aside money with which to pay her contractor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Jesse H. Steinhart, for Appellant.

Arthur H. Barendt, and F. W. Sawyer, for Respondents.

RICHARDS, J.—This action was brought by plaintiffs to obtain judgment against defendant for funds claimed to be held in trust by defendant for the benefit of plaintiffs.

Plaintiffs had judgment, from which and from an order denying a new trial defendant appeals. The facts upon which the alleged trust arose are as follows:

In March, 1907, Carolina Taubles entered into a contract for the construction of a building with the Yerba Buena Building Company. At that time, she was a depositor with the defendant bank. Plaintiffs each performed labor upon and furnished material for the construction of the building, for which they were never paid. The plaintiffs filed liens upon the building, and also served on the owner notices to withhold payments to the building company. For the purpose of settling with the contractor, the owner delivered, in March, 1907, to defendant bank a certain check, drawn upon it, with instructions to pay it to the building company on the production of satisfactory releases of the liens and notices to withhold executed by plaintiffs. The check was subsequently certified by the defendant bank, and remained in its possession for nearly three years, during which time no demand whatsoever was made upon the bank by any one for the funds represented by it. In February, 1910, the construction company served notice upon the defendant bank that it no longer held any interest in the check. In March, 1910, a creditor of the owner, Carolina Taubles, endeavored to levy execution on her account with the defendant bank; and thereupon the bank applied the amount of the money represented by the check upon an indebtedness of said Carolina Taubles to it under its bankers' lien. Subsequently, and on December 8, 1911, plaintiffs herein filed a suit against the bank, claiming that it held the amount of their liens in trust for them. In their argument in support of the judgment, it is claimed by respondents that the transaction between Carolina Taubles and the defendant bank created a trust in their favor. This contention cannot be maintained. There is no evidence to show that the transaction was made for the benefit of plaintiffs. The check was made payable to the Yerba Buena Building Company. Defendant was directed to pay to said company the amount of the deposit upon the production of certain releases of liens and withhold notices. The arrangement in no manner directed the payment to plaintiffs of the amount of their claims, nor was there any duty assumed by the defendant under the arrangement toward plaintiffs or any recognition of their rights. Merely accepting the check under the given

directions in itself created no obligation on the part of the bank toward plaintiffs. There was no contractual obligation between them. Whatever rights plaintiffs had were based upon the Mechanics' Lien Law. This right was initiated by plaintiffs by the filing of their liens. For some reason which the record does not disclose, they failed to pursue this right; but nowhere does the evidence show that their action in this respect was due to the fact that the owner had made the arrangement with the defendant bank for the payment of their claims. The money was not received by defendant for the benefit of plaintiffs, but was received, if for the benefit of anybody, for the benefit only of the building company.

The instructions to the bank were to pay the money to the Yerba Buena Building Company only when it produced satisfactory releases mentioned. The building company never presented any releases or demand for the money; but on the contrary, about three years afterwards, they disclaimed any interest in the fund.

Upon no theory is there any privity between the plaintiffs and the defendant; and no ground exists upon which plaintiffs can claim any right in the fund involved.

There is no evidence to show that plaintiffs relied in any manner upon the deposit thus made or were in any way prejudiced by it. So far as the evidence shows, they did not rely upon the transaction for the payment of their claims; and in fact there is no testimony indicating in the slightest degree that they ever knew anything about it; nor is there any evidence to show that plaintiffs did a single thing that demanded recognition or that defendant recognized their rights or did anything upon which a liability might be created.

The transaction did not constitute a trust, or, as is claimed, an equitable assignment; nor is there anything that could in any manner be construed as creating an estoppel in favor of the plaintiffs, for, so far as the record shows, they knew nothing of it.

The entire transaction was simply a means adopted by the owner of the building of setting aside money with which to pay her contractor, in which the plaintiffs were in no manner privies to or in any manner affected by it. (*Bluthenthal* v. *Silverman*, 113 Ga. 102, [38 S. E. 344].)

There being no evidence to support the findings that the deposit was made for the benefit of plaintiffs and that they

held such fund in trust, for them, it follows that the judgment must be reversed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.

. A petition for a rehearing of this cause was denied by the district court of appeal on December 5, 1914, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 4, 1915.