### 9119.  CHANCE, administrator, v. SIMPKINS.

JENKINS, J.  Where funds have been paid into court under an order requiring their deposit with its clerk to await their final distribution, the funds while so held are in custodia legis, and therefore not subject to the process of garnishment.  20 Cyc. 1022 (1, 2).  The fact that the parties interested may have consented to the order of court will not alter the rule; nor will the fact that prior to the service of the process of garnishment the right to the funds had been fixed and determined by another judgment providing for their distribution.  *Cowart* v. *Caldwell Co.*, 134 *Ga.* 544, 548 (68 S. E. 500, 30 L. R. A. (N. S.) 720); *Field* v. *Jones*, 11 *Ga.* 413.  In such a case the status of the clerk, as a bare custodian for the court, is analogous to that of a receiver, who is not subject to the process of garnishment (Civil Code .of 1910, § 5485), rather than to the status of a sheriff, who, as a general officer accountable to all, has been held to be subject to the process. *Bird* v. *Harris*, 63 *Ga.* 434, 435.

> *Judgment affirmed.  Wade, C. J., and Luke, J., concur.*
> DECIDED APRIL 9, 1918.

Money rule; from Richmond superior court—Judge H. C. Hammond.  May 30, 1917.

*Paul T. Chance, William H. Fleming,* for plaintiff in error.
*George T. Jackson,* contra.