12941.  BOSTWICK SUPPLY COMPANY v. HODGSON
COTTON COMPANY.

1. Where an owner of cotton who has executed mortgages thereon to dif·
ferent creditors delivers it to a junior mortgagee to be disposed of
under an agreement that enough of the proceeds shall be turned back
to pay what is due to a senior mortgagee, the cotton and its proceeds
to that· extent and for that purpose remain the property of the mortga-
gor.  Upon this theory the evidence in this case authorized the verdict
against the junior mortgagee, as garnishee under process sued out up-
on the foreclosure of the senior mortgage.
2. No error harmful to the plaintiff in error was committed in admitting
in evidence the notes objected to as being irrelevant.

DECIDED JUNE 14, 1922.

Garnishment; from city court of Madison — Judge Lambert.
September 3, 1921.

*Q. L. Williford,* for plaintiff in error.

*J. S. Grant, M. C. Few,* contra.

JENKINS, P. J.   The Hodgson Cotton ·Company held a promissory note of Copeland, secured by a mortgage upon a specified crop of cotton, and, after crediting the proceeds of certain bales delivered to it by the mortgagor, obtained a general judgment against him for the balance.   To collect this balance it sued out garnishment against the Bostwick Supply Company, which answered not indebted; and on a trial of a traverse of this answer the judge directed a verdict for the principal and interest due on the fi. fa. The garnishee excepts to the overruling of its motion for new trial, on the general ground that no indebtedness by it to the defendant in fi. fa. was shown, and upon objections to the admission of certain documents.   The evidence shows that the defendant in fi. fa. was indebted to the garnishee, which held a secondary lien on the same crop of cotton; that after the original part payment in cotton had been made to the superior lien-holder, Hodgson Cotton Company, the remainder of the cotton in dispute was turned over by the defendant in fi. fa. to the Bostwick Supply Company, as the holder of the inferior lien, with permission given it to ship and draw advances thereon, but with the distinct understanding (which is not disputed) that upon its conversion of the cotton into money it was to turn back sufficient of the proceeds to satisfy any balance remaining due to the Hodgson Cotton Company.

1.   The validity of the judgment of the plaintiff against the defendant in fi. fa., the amount of which limited its right of recovery against the garnishee, was in no wise attacked.   This not being a proceeding under a money rule, no question is involved as to the relative legal and equitable rights of the plaintiff and the garnishee under their respective mortgage liens.   The only issue on the trial of the traverse was whether the garnishee, Bostwick Supply Company, was indebted to the defendant in fi. fa., Copeland, under the terms of its promise.   It being undisputed that the Bostwick Supply Company received the cotton from Copeland under the distinct promise and understanding that upon its conversion of the cotton into money it would turn back to Copeland enough of the proceeds to discharge the balance owing by Copeland to the Hodgson Cotton Company, the Bostwick Supply Company could not apply on its own debt this portion of the proceeds of the cotton with which it

was thus entrusted, but owed it back to Copeland. While the verdict against the garnishee, the Bostwick Supply Company, cannot, under the evidence submitted, be sustained upon the theory that the value of the cotton delivered to it by Copeland exceeded his indebtedness upon the Bostwick Supply Company's notes and junior mortgages, and cannot in this sort of proceeding be sustained as a matter of law upon the theory that the plaintiff was entitled to the proceeds of the cotton under its superior mortgage lien, it can be and properly was sustained on the theory that the property was delivered to the garnishee under a specific bailment or condition subjecting it to payment of the plaintiff's prior claim, and consequently the garnishee acquired no title either under its junior mortgage claim or under its subsequent application of the proceeds from the cotton in partial extinguishment of its own claim, but the cotton and the proceeds, to the extent and for the purpose stated, remained the property of the defendant in fi. fa. *Bluthenthal* v. *Silverman,* 113 *Ga.* 102, 103 (38 S. E. 344) ; *Martin* v. *Copeland,* 77 *Ga.* 374 (3 S. E. 256) ; *Mayer* v. *Chat. Nat. Bank,* 51 *Ga.* 325; *Cox* v. *Reeves,* 78 *Ga.* 543 (3 S. E. 620) ; *Trustees* v. *Pace,* 15 *Ga.* 486 ; *Pupke* v. *Meador,* 72 *Ga.* 230.

2. The special grounds, excepting to the introduction in evidence of one of the mortgage notes executed by the defendant in fi. fa. to the garnishee, and of two notes executed by other persons to the defendant in fi. fa. and by him indorsed to the plaintiff, upon the ground of their irrelevancy as failing to evidence any indebtedness by the garnishee to the defendant, show no prejudicial error. Such evidence, although immaterial under the theory on which the verdict is sustained, was harmless to the garnishee; and under the garnishee's own theories and contentions tended to its benefit rather than injury.

*Judgment affirmed. Stephens and Hill, JJ., concur.*