## No. 11,173.

### Wilson *v.* Sauve, Trustee.

Decided March 7, 1927.

Garnishment proceeding. Judgment against garnishee.

### *Affirmed.*

1. Garnishment—*Contract.* Where a person has, for a valuable consideration, assumed and agreed to pay the debt of defendant to plaintiff, he may be summoned and held liable as garnishee.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. John Horne Chiles, Mr. Jacob L. Sherman, for plaintiff in error.

Messrs. Dana, Blount & Silverstein, for defendant in error.

*En Banc.*

Mr. Justice Sheafor delivered the opinion of the court.

The defendant in error, Sauve, brought this suit in the district court against Arah L. Hungerford, and plaintiff in error was summoned as garnishee therein. Judgment in favor of Hungerford and against Wilson, the garnishee, for the benefit of Sauve. The garnishee brings the case here for review, and the defendant Sauve has assigned cross error.

The facts are as follows: On December 16, 1921, Charles N. Kinney was appointed receiver of the Thrift Mercantile Co., hereinafter designated as the Thrift Com-

pany, by order of the district court, in an action wherein the Wheeler & Motter Mercantile Company was plaintiff.

On March 14, 1922, Kinney, as receiver, entered into a written contract with Hungerford, hereinafter designated as contract, Exhibit A, whereby he sold and delivered to Hungerford eight stores, all in Colorado, property of the Thrift Company, for the agreed price of $54,263.67. On September 11, 1922, the Thrift Company was adjudged a bankrupt. On October 2, 1922, Sauve was appointed trustee in bankruptcy of the estate of the Thrift Company. On January 2, 1923, Sauve brought this suit and recovered judgment against Hungerford for the sum of $37,554.26. This judgment was rendered on June 17, 1924. On January 5, 1925, judgment was rendered in favor of defendant Hungerford against Wilson, the garnishee, for the use of plaintiff Sauve, for the sum of $20,000.

This judgment was rendered upon the answer of the garnishee, and upon the traverse thereto by Sauve, and the evidence in the case. Wilson was summoned as garnishee on August 2, 1924. Sauve, as trustee in bankruptcy, succeeded to the title of Kinney as receiver in the contract for the sale of the stores to Hungerford. On October 2, 1922, Hungerford entered into a contract with Wilson by which he transferred to Wilson in bulk the fixtures and merchandise contained in the eight stores of the Thrift Company, which Hungerford had obtained from Kinney, the receiver. This contract will be hereinafter referred to as Exhibit B.

By this contract, Exhibit B, Wilson assumed and agreed to pay the indebtedness of Hungerford to Sauve as trustee. The court found that the garnishee, Wilson, had failed to comply with the bulk sale statute, but that the plaintiff Sauve had waived objections to such failure, and it is upon this last finding that plaintiff has assigned cross error.

However, in the view we take of this case, it will not be necessary to discuss or determine the cross error assigned.

The principal contentions of plaintiff in error are that garnishment is not the proper remedy, and will not lie in this case, on the theory that in the absence of fraud between defendant and the garnishee, the latter cannot, by virtue of garnishment proceedings, be placed in a worse position than he would occupy if defendant's claim against him were enforced by defendant himself; that garnishment cannot be maintained for money due, or property received by the garnishee under the contract, Exhibit B, for the reason that the contract, Exhibit B, is a guarantee or an assumption of indebtedness by Wilson, of the contract, Exhibit A, being the contract between Kinney as receiver, and Hungerford. These are the only matters we need consider.

The majority rule seems to be that where a person has, for a valuable consideration, assumed and agreed to pay the debt of defendant to plaintiff, he may be summoned and held liable as garnishee. 28 C. J. p. 183, § 221; *Martin v. Copeland,* 77 Ga. 374, 3 S. E. 256; *Twitchell Chapman & Co. v. Mears, et al,* 56 Vt. 389; *Wilson v. Hempstead,* 73 Mo. App. 656, 665; *Citizens General Electric Co. v. American Electrical Works,* 21 Ky. Law 1723, 55 S. W. 1078; *Henry v. Murphy & Co.,* 54 Ala. 246, 252.

These cases are based upon the reasoning that the promise, being for a valuable consideration, constitutes a credit deposited or entrusted in the hands, or possession, of the trustee or garnishee, which can be reached by garnishment process; that the stipulation creates the relation of debtor and creditor between the person assuming the debt and the persons whose debt is assumed, and that there is not a novation of the debt.

There may be some cases to the contrary, but if so, they are in the minority. The court found upon the evidence that the defendant garnishee failed to comply

with the Bulk Sale Act, but further found that the plaintiff had waived all objections to such failure. The court also found that the garnishee was indebted to the defendant in the sum of $20,000, and having correctly, as we think, applied the law to the facts in the case, the judgment should be affirmed.

Affirmed.