### 18746. CALLAHAN *v.* HARWELL.

JENKINS, P. J. 1. "Where, by direction of the owner of a certain fund, it was placed in the hands of another to be paid to a third party, the bailee not having promised to pay the money to such third party, and the latter not having authorized it to be placed in the bailee's hands, the fund in the hands of the bailee, before payment or promise to pay by him, was the money of the bailor," and, while subject to garnishment as against the bailor, was not subject to garnishment as against the third person for whom the money was intended. *Cox* v. *Reeves,* 78 *Ga.* 543 (3 S. E. 620); *Bostwick Supply Co.* v. *Hodgson Cotton Co.,* 28 *Ga. App.* 691, 693 (113 S. E. 37).

2. In this case the fund sought to be subjected to the plaintiff's claim by process of garnishment appears, without dispute, to have been placed in the hands of the garnishee by the City of Atlanta, to be paid to the defendant in fi. fa., an employee of the City of Atlanta, as compensation for services rendered to the city. It does not appear that the garnishee was authorized or directed by the defendant in fi. fa. to collect the funds from the city and hold them for the defendant, or that at any time the relation of debtor and creditor existed between them. Accordingly, the judge of the municipal court did not err in finding against the plaintiff's traverse to the answer of the garnishee, and it was not error for the judge of the superior court to refuse to sanction the plaintiff's petition for certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 17, 1928.

*Noah J. Stone,* for plaintiff.　*W. C. Munday,* for defendant.