## 27101. ANDERSON *v.* CHAMBERS *et al.*

DECIDED NOVEMBER 30, 1938.

*Noah J. Stone, John L. Cone,* for plaintiff.

*Walter C. Hendrix, E. H. Sheats, W. S. Northcutt, Poole, Pearce, Richardson & Graham, John J. Poole, Frank A. Doughman,* for defendants.

GUERRY, J. Mrs. Mable Moore McDonald had an attachment levied on certain real estate belonging to Miss Jodie L. Haley. Thereafter, the parties entered into an agreement whereby Miss Haley was to deposit the sum of $425 with the clerk of the court to await the final judgment in the attachment proceeding and the levy was to be dismissed. This agreement was executed and the court passed the following order: "On consent of the parties, it is hereby considered, ordered, and adjudged as follows: That on payment into the clerk of this court by the defendant of the sum of $425 which said sum shall be in all respects substituted for the property heretofore levied upon, the said levy shall stand dismissed. The case shall proceed between the plaintiff and the defendant and on final judgment being obtained, the court shall award the fund in accordance with the judgment rendered." Declaration in the attachment proceeding was filed and the attachment proceeding is still pending. After the levy of the attachment and the entering of the above order and judgment, Mrs. M. A. Anderson filed suit in the same court against Miss Haley and obtained a judgment.

Thereupon, Mrs. Anderson sought a rule against the clerk for said sum of money, so deposited under the agreement and order of the court, to apply on her judgment. The clerk answered setting up substantially the above facts, and by order of the court Mrs. McDonald was made a party to the proceeding. The court after a hearing passed the following order: "The within rule coming on to be heard, after parties having been made as prayed by the respondent, the court holds that the petition for rule was prematurely brought in view of the pendency of the case between Mrs. Mable Moore McDonald v. Jodie L. Haley, under which the money was paid into court and denies the rule and orders that the fund be held by the clerk in its present status until the termination of the case above named and then until further order of this court. The question raised by Mrs. Mable Moore McDonald as to the effect of the judgment held by movant, Mrs. M. A. Anderson, is not now passed on." This last sentence of the order of the judge referred to that part of the answer of Mrs. McDonald wherein she set up that the judgment of Mrs. Anderson was void in that Miss Haley is and was a resident of Florida, and that she could not waive service and thus collusively confer jurisdiction on the municipal court of Atlanta to render judgment therein so as to affect third parties.

We find no difficulty in ruling that the trial judge did not err in refusing to award the fund to Mrs. Anderson. Our judgment may be stated as follows: Where the parties to an attachment proceeding enter into an agreement whereby it is agreed that instead of the property levied on being sold by the due processes of the law in reference thereto, the defendant shall deposit with the clerk of the court a certain sum of money to await the final judgment had in such proceeding, and where, in pursuance of this agreement, the court passes an order of the character first above quoted, and the money is actually deposited with the clerk, a judgment that may be rendered in such attachment proceeding in favor of the plaintiff will take so much of the fund as is necessary to satisfy the same, as against a creditor of the defendant who filed suit and obtained judgment after the institution of the attachment proceeding and order of the court impounding such fund, but before the judgment in the attachment. A rule brought by such judgment creditor against the clerk pending the attach-

ment proceeding, is, at best, premature. The clerk did not hold the fund merely as agent of the defendant and subject to his revocation (see *Bluthenthal & Bickart* v. *Silverman,* 113 *Ga.* 102, 38 S. E. 344; *Cox* v. *Reeves,* 78 *Ga.* 543, 3 S. E. 620; *Mayer & Lowenstein* v. *Chattahoochee National Bank,* 51 *Ga.* 325; *Trustees of Howard College* v. *Pace,* 15 *Ga.* 486), but the fund was voluntarily placed in *custodia legis* by the defendant, and the clerk held the same as trustee under the agreement and order of the court to apply the same on any judgment obtained by the plaintiff in such proceeding. A debtor may so prefer a creditor. Code, §§ 28-301, 28-303; *Suttles* v. *Vickery,* 179 *Ga.* 751, 757 (177 S. E. 714), and cit. A judgment obtained after the impounding of such fund, in favor of the plaintiff, created no lien thereon as against the right of the plaintiff in attachment to satisfaction out of the same. See *Prescott* v. *King,* 52 *Ga.* 50; *Chance* v. *Simpkins,* 22 *Ga. App.* 148 (95 S. E. 739); *Wallon* v. *Belhune,* 37 *Ga.* 319; *Fidelity and Deposit Company of Baltimore* v. *Exchange Bank of Macon,* 100 *Ga.* 619 (28 S. E. 393). Whether such judgment creditor would be entitled to the fund under such a proceeding (money rule), if the plaintiff in attachment fails to secure a judgment, or to any of the fund that might be left after the satisfaction of the plaintiff's judgment, need not be decided at this time.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*