No. 19,241.

FIELD FAMILY CONSTRUCTION CO. *v.* JOHN P. RYAN.

(360 P. [2d] 110)

Decided March 13, 1961.

Mr. ROBERT L. MCDOUGAL, Mr. JOSEPH G. STUDHOLME, for plaintiff in error.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, Mr. ALAN A. ARMOUR, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE parties appear here in reverse order of their appearance in the trial court and will be referred to as they there appeared.

Plaintiff obtained a money judgment for $3,375.00 against the Florado Construction Company on August 12, 1959. The judgment was on a contract for the sale of houses belonging to Florado, which were completed by Field Family Construction Co., garnishee below, which received the proceeds from the sales. Motion for new trial was heard and denied and a writ of execution on the Florado's judgment was thereafter issued and returned unsatisfied. A writ of garnishment was served on the garnishee on August 28, 1959, which answered denying that it was indebted to the Florado Company. Plaintiff traversed the answer and trial was had to the court. Judgment was entered in favor of plaintiff and garnishee prosecutes this writ of error.

The basis of plaintiff's case is the agreement of garnishee Field Family Construction Co. to assume the debts of Florado Company. This agreement, which appeared by resolution in the company minutes, was adjudged by the trial court to be the basis of the garnishee's liability to plaintiff.

We are satisfied that *Wilson v. Sauve* (1927), 81 Colo. 118, 253 Pac. 1065, is determinative of the issues here. It was there held that where one, for a valuable consideration, has assumed the obligation of another to plaintiff, he may be held liable as garnishee. In such a situation it is not necessary that the garnishee hold tangible real or personal property of the debtor. The assumption of the debts of another when in proper form

is a right, credit or chose in action required to be reported in garnishment proceedings under Rule 103 (a), R.C.P. Colo. (See definitions of chose in action in 1 Bouvier's Law Dictionary.)

In the instant case there was an assumption of all of Florado's debts by the garnishee except the items not involved here. The consideration for this agreement was the undertaking of Field Family to complete certain houses under construction by Florado and to receive all funds due from Guardian Savings and Loan Association; all deposits from sales and closings, and to assume the debts of Florado. This constituted adequate consideration for the agreement.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.