**COIN SERVICE INVESTORS, INC., a Colorado Corporation, Plaintiff,**

**v.**

**Don GROOMS, Emogene Grooms, Gale L. Tuttle and Jean E. Tuttle, Defendants-Appellants,**

**and**

**Joseph Goecke and Norma Goecke, Defendants,**

**and**

**Snowflake Enterprises, Inc., a Colorado Corporation, Show Cause Respondent,**

**and**

**Harold R. Zeller, Show Cause Respondent and Garnishee,**

**and**

**Lucile Zeller, Show Cause Respondent and Garnishee-Appellee.**

**No. 85CA1079.**

Colorado Court of Appeals, Div. III.

April 23, 1987.

Rehearing Denied May 21, 1987.

Certiorari Denied (Grooms) Sept. 8, 1987.

A. Daniel Rooney, Aurora, for defendants-appellants.

Daniel T. Moyle, Jr., P.C., Daniel T. Moyle, Jr., Golden, for show cause respondent and garnishee-appellee.

CRISWELL, Judge.

The defendants, Don and Emogene Grooms and Gale L. and Jean E. Tuttle, are judgment creditors. They appeal from the trial court's refusal to enter a judgment in their favor against Lucile Zeller, a garnishee. We affirm.

Plaintiff and judgment debtor, Coin Service Investors, Inc. (owner), owned equip-

ment which was used in the operation of two separate laundry and dry-cleaning businesses. It entered into agreements with defendants (operators) to operate these two businesses and to divide any resulting profits. The relationship between the owner and the operators was ultimately determined by the trial court to be that of partners.

Various disputes arose between the owner and the operators respecting the operation of the businesses and the proper division of profits, which led to the institution of this litigation. Pursuant to a stipulation, the trial court appointed a receiver to take possession of the businesses and of the owner's assets and to operate the businesses during the pendency of the litigation.

While the receivership was still in existence, garnishee and her husband decided to acquire the owner's assets and its interest in the businesses. Accordingly, application was made to terminate the receivership, so as to allow the owner to transfer its assets and business interest to garnishee.

Over operators' objections, the trial court entered an order terminating the receivership and discharging the receiver. However, it made such order conditional upon garnishee's assumption of all of owner's liabilities to the operators which were represented by the claims then pending in litigation.

It is undisputed that garnishee, although not a party to this litigation at that time, had actual knowledge of the terms of the trial court's order. Nevertheless, she proceeded to have the owner's assets and business interest transferred to her and her husband without executing any agreement to assume the liabilities described in that order. To the contrary, the written purchase agreement between the owner and garnishee contained a specific disclaimer that garnishee or her husband was assuming any liability incurred by the owner prior to the date of the transfer. As of the date of the garnishment proceedings, garnishee was not indebted to the owner under this purchase agreement.

A short time later, the owner, the operators, and garnishee all executed a stipulation, approved by the trial court, allowing the operators to withdraw from the business ventures. That stipulation contained a recital that the owner's sale to garnishee did not include any of "its rights and obligations in this lawsuit."

After a trial of the issues outstanding between the owner and the operators, the trial court entered judgments against the owner for approximately $65,000. Those judgments not being satisfied, the operators caused a writ of garnishment to be served upon garnishee and, when her return indicated that she was not indebted to the owner, the operators traversed that return.

After an evidentiary hearing, the trial court, while expressly noting that it considered garnishee "liable" to pay the judgments, nevertheless concluded that the "posture" of the case precluded it from enforcing that liability. Assuming that the trial court meant that garnishee's liability, if any, which may have arisen from its previous order could not be enforced through garnishment proceedings, we agree with this conclusion.

Garnishment proceedings were unknown to the common law and are solely a creature of statute, the provisions of which have been incorporated into the judicial rules of procedure. At the time of the proceedings before the trial court, C.R.C.P. 103(b) authorized the garnishment of "any credit, wages, salaries, commissions, loans, accounts or other indebtedness owed and payable to the debtor," as well as "any other intangible personal property or tangible personal property capable of manual delivery owned by the debtor and held and possessed by the garnishee." *See* Vol. 7A C.R.S. (1984 Cum.Supp.).

In Colorado, garnishment provisions have been strictly construed. *Troy Laundry & Machinery Co. v. Denver,* 11 Colo. App. 368, 53 P. 256 (1898). Thus, under C.R.C.P. 103(b), as it existed at the time of the proceeding before the trial court, a creditor could not proceed against a garnishee unless there was some "indebted-

ness owed and payable to the *debtor.*" (emphasis added)

Here, there was no indebtedness owed by the garnishee to the owner which could have afforded the court any authority to act under C.R.C.P. 103(b). Garnishee certainly owed no contractual liability to owner. On the contrary, the purchase agreement between garnishee and the owner specifically negated such liability.

The absence of any creditor-debtor relationship between owner and garnishee distinguishes this matter from those cases relied on by operators. In both *Field Family Construction Co. v. Ryan,* 145 Colo. 598, 360 P.2d 110 (1961), and *Wilson v. Sauve,* 81 Colo. 118, 253 P. 1065 (1927), the garnishees had entered into express agreements with the debtors to assume the liabilities upon which the creditors' judgments had been based. It was held that such agreements had created "the relation of debtor and creditor between the person assuming the debt and the person whose debt [was] assumed...." *Wilson, supra.* Here, there was no promise to the owner to assume any liability; rather, the purchase agreement specifically negated such liability.

In light of our conclusion in this respect, it is unnecessary for us to pass upon garnishee's claim that the court had no authority to enter the order requiring her to assume the owner's liability to the operators.

Order affirmed.

VAN CISE and STERNBERG, JJ., concur.