BRINDLEY ET AL. *v*. MEARA ET AL.

[No. 26,189. Filed November 18, 1935.]

*George Pania* and *Martin J. Downey,* for appellants.
*Joseph H. Conroy,* for appellees.

FANSLER, J.—Appellants, members of the advisory board of North township, Lake county, brought an action for and procured a declaratory judgment construing chapter 74 of the Acts of 1931 as conferring power upon the advisory board, and not upon the trustee, to select the persons that shall be employed by the trustee as investigators or assistants in discharging the duties of trustee concerning the relief of the poor. The appellees here appealed from that judgment, and the judgment was affirmed. *Meara, as Trustee, etc., et al. v. Brindley et al.* (1935), 207 Ind. 657, 194 N. E. 351.

After the declaratory judgment was entered, and pending the appeal in this court, appellants filed a verified petition for further relief under section 8 of the Declaratory Judgment Act, §680.8, Burns 1926, §3-1108, Burns 1933, Acts 1927, ch. 81, p. 209. The petition alleges that, after the declaratory judgment construing the statute as conferring power upon the petitioners to select the persons to be employed by the trustee was entered, the advisory board made and adopted a resolution whereby they selected the persons to be employed by the trustee, and fixed their salaries; that thereafter the trustees published certain articles in the form of news in certain newspapers containing false statements to the effect that the advisory board had repeatedly discharged investigators employed by the trustee and replaced them with employees of their own choice, and other news items in which the advisory board "were represented as staging a mere battle for the control of the township payroll for the purpose of making out of it a family affair, thereby tending to attract public ridicule upon your petitioners in connection with their attempt to perform properly their duties prescribed by said Section Two (2) of Chapter 74, Acts 1931, page 190, and to frighten your petitioners away from doing their duties as aforesaid, for fear of attracting public opprobrium upon themselves;" that after the publication of the articles in question the trustee presented a claim for the allowance of salaries to certain investigators selected by her, in total disregard of the statute, and the judgment declaring its effect, and the resolution of the advisory board appointing employees; that by reason of the facts alleged the advisory board "are threatened to be continually hampered, harassed, annoyed, either directly or indirectly . . . in the performance of the duties of their public office." As further relief, an order is prayed directing the trustee to comply with the statute as inter-

preted and construed by the declaratory judgment, and enjoining the trustee from "interfering, harassing and annoying, either directly or indirectly, your petitioners, as the Advisory Board of North Township, Lake County, Indiana, in the performance of the duties of their public office," as prescribed by the statute and construed and declared by the court; and that defendants (appellees) be ruled to show cause why such further relief should not be granted forthwith.

It does not appear that any summons or other notice issued or was served upon appellees. Appellees are shown to have appeared specially to the petition for further relief and orally moved that it be stricken from the files of the court for want of jurisdiction. This motion was sustained by the court, and the petition was stricken from the files. It is this order striking the petition from the files that is assigned as error.

It may well be doubted whether a court of equity has jurisdiction to enjoin the doing of the things set out in the petition and concerning which injunctive relief is prayed, and it may be doubted also whether sufficient facts are stated to constitute a cause of action for mandate against the trustee. It is clear that appellants did not consider that they were instituting an ordinary action for injunction or mandate under the regular rules of procedure governing such actions. They assert in the briefs that they were seeking "further relief based upon a declaratory judgment," under section 8 of the Declaratory Judgment Act, and it is apparent that they relied upon that section as providing the procedure to be followed in procuring executory or coercive relief under any statute or instrument in respect to which there had been a declaratory judgment. The trial court seems to have refused to consider the petition upon the theory that there was no jurisdiction to grant executory or coercive relief based upon the declaratory judgment in

a supplemental proceeding; and the correctness of the court's position in this respect is the only question presented by the briefs.

Our Declaratory Judgment Act seems to have been taken in its entirety from some foreign jurisdiction, and to have been drafted without consideration of our Code of which it was to become a part, and without effort to conform to our rules of procedure. As adopted by our legislature, it is entitled "An Act concerning declaratory judgments and decrees and to make uniform the law relating thereto." To avoid unconstitutionality it is required that the body of the act be not broader than the title, and, therefore, its provisions must, if possible, be construed as concerning only declaratory judgments and decrees. Borchard, well-known American writer upon the subject, says that the action for declaratory judgment is distinguished from other actions in that it does not seek execution or performance from the defendant or opposing party. The judgment does not involve executory or coercive relief. This would seem to be the general understanding of the meaning of the words "declaratory judgments and decrees." Since the act in its title is limited to such judgments and decrees, the terms and provisions of the body of the act must be construed as referring also to that particular type of judgments and decrees. Nowhere in the act is there an express provision for an executory or coercive judgment in connection with a declaration of rights, status, or legal relations, and there is but little from which an intention that such judgments might be entered may be implied. The first sentence of section one provides: "That courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 3 provides that: "A contract may be construed either be-

fore or after there has been a breach thereof." Section 12 provides: "This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respects to rights, status and other legal relations; and is to be liberally construed and administered." There is nothing in section 12 indicating an intention to modify, change, or supplant the remedies or the procedure by which executory or coercive judgments are obtained. The word "remedial" is applied to those statutes which give a new remedy or which are intended "to supply some defects or abridge some superfluities of the common law." Bouvier's Law Dictionary (3d Rev.) 2870.

Sections one and three, construed in the light of section 12 as intended to supply some defects or deficiencies in our Code, and construed within the terms of the title of the act which concerns only declaratory judgments and decrees, would authorize courts to enter decrees declaring the rights and relations of parties when no other relief is or could be claimed, or where other relief is claimed. Where the rights of the parties are affected by statute, contract, status, or legal relations, it is always necessary in actions seeking executory or coercive judgment that the court determine the rights and relations of the parties, and the determination of the court in such actions is conclusive upon the parties in other controversies thereafter, if their rights as determined by the court in the first action are clearly apparent from the judgment. But they may not always be clearly apparent. If the rights of the parties thus necessarily determined are declared by express decree in the judgment, there can be no future difficulty respecting them. And so, a declaration of rights in connection with an executory judgment is to that extent remedial, and would seem to be within the purposes of the act when the relationship of the parties is not, or

may not be, terminated by the executory judgment. And there may be cases in which, notwithstanding executory or coercive relief could be claimed, it is made to appear that a declaratory judgment or decree will terminate the controversy between the parties without coercive relief. Such a case would seem to be within the purposes of the act, although it is clear from section 6 that it was not intended that courts should take jurisdiction in such a case where a declaratory judgment will not terminate the controversy. But in all such cases the Declaratory Judgment Act furnishes a basis for jurisdiction for the purpose of entering a declaratory judgment only. Jurisdiction to grant executory or coercive relief already existed.

The English statutes would seem to be the source from which much of the language of the act was drawn. The original statute authorized the courts "to make binding declarations of right without granting consequential relief." These statutes were construed by the courts to give jurisdiction to enter declaratory decrees only in cases where it appeared necessary for the administration of estates, and this jurisdiction existed before, and in cases where consequential or executory relief might be asked. In order to extend the jurisdiction to cases where a right of action had not matured, the English statute was amended to include cases "whether any consequential relief is or could be claimed, or not." Borchard on Declaratory Judgments, p. 240. It will be seen that the construction put upon the original statute by the English court prevented the accomplishment of that which is now thought to be the most important function of a declaratory judgment, since to all practical intents the rights of the parties could be and were determined by the court in cases where consequential relief was demanded; and, since the courts had already interpreted

the statutes as authorizing declaratory relief when other relief could be claimed, the clause "whether any consequential relief is or could be claimed, or not," found in the English statute, which means the same as "whether or not further relief is or could be claimed," found in our statute, was intended to bring within the jurisdiction of the court cases where further relief could *not* be claimed, thus broadening the jurisdiction, since the court had already jurisdiction to determine the rights and relationships of the parties where other relief was claimed and the parties already had an efficient remedy where executory relief could be claimed. The same situation existed with us at the time of the adoption of this statute. The only new remedy afforded and the only extension of jurisdiction is in respect to those cases where no cause of action has arisen authorizing an executory judgment, unless there be an exception in providing for a decree declaring the rights of the parties in connection with an executory judgment, and it is not clear that this right did not exist in a proper case before the adoption of this statute.

Except for cases in which the parties agree upon the facts and merely submit their question of interpretation to the court for determination so that they can settle their controversies according to the decree, there have been, and will be, few cases where a party who is entitled to consequential executory relief will ask for merely declaratory relief which affords no coercive remedy. A resort to such practice would in most cases result in two affirmative steps; the first, to have rights declared under the contract, statute, or other instrument, and, the second, for another judgment or decree as a basis for enforcing compliance, a procedure which is against the policy of our Code as expressed in many of its provisions. That it was not the intention of the act to depart from such a policy, is indicated by section

6, which provides that: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." When this latter section and sections 1 and 3 are construed together, in the light of the traditional policy of our procedural legislation, which looks to the determination of all possible questions between the parties in one action, the language must be construed as not intending a departure from that policy, but as merely providing a means not heretofore available for the determination of doubtful or questioned rights or relationships prior to the maturing of an existing remedy, and in cases where a declaratory judgment will terminate uncertainty and controversy.

The Supreme Courts of Michigan and Pennsylvania have held, concerning statutes substantially identical with ours, that the proceeding is not intended as a substitute or alternative for the common-law actions; that relief is not proper under the statute where another established remedy is available; that any other interpretation would mean the practical abolition of all established forms of action at law and proceedings in equity, which was not intended by the enactment, and that the clause, "whether or not further relief is or could be claimed," was not intended to mean that proceedings by declaratory judgment are available whenever any controversy exists, but rather that such relief may be had even though for complete relief other and additional remedies must later be resorted to. *Village of Grosse Pointe Shores* v. *Ayres et al.* (1931), 254 Mich. 58, 235 N. W. 829; *Miller* v. *Siden et al.* (1932), 259 Mich. 19, 242 N. W. 823; *In re Cyran's Estate* (1930), 301 Penn. 386, 152 Atl. 675.

In *James* v. *Alderton Dock Yards* (1931), 256 N. Y. 298, 176 N. E. 401, the Court of Appeals of New York

summarized the limitations upon the use of the declaratory judgment as follows:

"The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The discretion must be exercised judicially and with care. (Authority.) It is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action. The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations. (Authorities.) No limitation has been placed, or attempted to be placed, upon its use, and yet this main purpose underlies the exercise of discretion. (Authorities.) Where there is no necessity for resorting to the declaratory judgment, it should not be employed. (Authorities.)"

There are no repealing clauses in our statute, and, in view of the fact that it is declared to be remedial, and that "its purpose is to settle and to afford relief from uncertainty and insecurity with respects to rights, status and other legal relations," it cannot be interpreted as intended to abolish the well-known causes of action, or designed to furnish an additional remedy where an adequate one existed before. It was intended to furnish a full and adequate remedy where none existed before, and was not intended for use, and should not be resorted to, where there is no necessity for a declaratory judgment. It is true that section 12 of the act provides that it is to be liberally construed and administered, but this provision affects only the construction of the act for the purposes for which it was intended, and has no reference to liberality in construction that would extend the provisions of the law beyond the field of its purpose.

No method of procedure is established by the act, nor is there a reference to procedure except in section 8, which is as follows: "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or degree, to show cause why further relief should not be granted forthwith." First must be noted the term, "relief based on a declaratory judgment." Relief may be based upon executory judgments, since the cause of action is there merged in the judgment, and a suit may be maintained upon the judgment itself when necessary, but it is difficult to conceive of a declaratory judgment becoming the basis of relief since its entire function is to declare rights, status, and relations, and to interpret statutes, contracts, and instruments generally. Executory relief is based upon the original instrument or statute, and not upon the declaratory judgment, which merely defines and interprets, but does not enforce. It is next noted that the application shall be by petition to a court having jurisdiction to grant the relief. This may be or may not be the court which rendered the declaratory judgment.

Let us assume that before maturity a declaratory judgment has been rendered defining the rights of the parties under a contract for the payment of money; that at maturity there is default in payment, and the promissor resides in a jurisdiction other than the one in which the declaratory judgment was entered. In applying for relief to a court in the new jurisdiction, does the applicant declare upon the judgment previously rendered, defining the rights of the parties under the contract, or does he declare upon the contract as construed

and interpreted by the declaratory judgment alleging its breach or default in payment? There may be a controversy as to the facts which would constitute a default, or involving contingencies which would mature the obligation, under its undisputed terms as construed by the declaratory judgment.

It cannot be doubted that an action for a breach of a contract, all or part of which has been the subject of a declaratory judgment, may be maintained under our regular and established procedure in the same manner that an action could be maintained if it had not been the subject of a declaratory judgment. If section 8 of the Declaratory Judgment Law is interpreted as providing a new and additional remedy by which an executory judgment may be had upon a contract which was previously the subject of a declaration, a new procedure has been established applying to that particular class of cases by which an executory or coercive judgment may be had. The section, then, is broader than the title of the act, which deals with "declaratory judgments and decrees" only. It is inconsistent with the purpose of the act as expressed in the act itself and as disclosed by all of the other provisions of the act heretofore discussed. The creation of an additional remedy in that class of cases could not be said to be remedial, since it does not supply a deficiency nor abridge a superfluity in the law as it was. Viewed in the light of our long-established Practice Code and our traditional practice methods, the procedure referred to in section 8 more nearly conforms to that which we have adopted with respect to interlocutory or supplemental orders than to actions in which for the first time executory or coercive relief is demanded. The language of the section cannot be ignored. Something was intended by it. It would seem, however, that it can be most logically interpreted as referring to additional declaratory relief. Such an interpretation con-

forms to the purpose of the entire act and is within the scope of the title, and it must be so interpreted.

Since there was no attempt to begin an action and bring the defendants within the jurisdiction of the court by any method recognized by our practice, there was no error in refusing to take jurisdiction of the proceeding.

Judgment affirmed.