**VALENTI v. CLARK, Attorney General, et al.**

**Civil Action No. 5123–47.**

United States District Court District of Columbia.

March 16, 1949.

George Morris Fay, U. S. Atty., and Ross O'Donoghue, Asst. U. S. Atty., both of Washington, D. C., for defendants, for the motion.

Stephen J. Angland, of Washington, D. C., for plaintiff, opposed.

HOLTZOFF, District Judge.

This is an action against the Attorney General and the Commissioner of Immigration and Naturalization, for a declaratory judgment that the plaintiff, who is a resident alien, is not subject to deportation.

It appears from the complaint and the admitted facts that the plaintiff has been arrested pursuant to a deportation warrant, on the ground that he has been convicted of a crime involving moral turpitude within five years after his entry into the United States. The charge on which he was convicted was conspiracy to defraud the United States of taxes on distilled liquors. The plaintiff claims that the offense does

not involve moral turpitude and that, therefore, he is not subject to deportation.

Before reaching this question, however, there is a very serious problem presented as to whether the plaintiff has pursued a remedy which may be accorded him by this Court. Without doubt, the plaintiff may secure a review of the action of the Commissioner of Immigration in case his deportation is ordered, by applying for a writ of habeas corpus in the district in which he is held in custody. In this case that is the Southern District of New York.

■ The Court is of the opinion that an action for declaratory judgment is not suitable and does not lie in this district to review the order of the Attorney General directing deportation. Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320, relied on by the plaintiff, is not apposite. That case involved an action for a declaratory judgment to adjudicate that the plaintiff was a citizen of the United States. This type of action was approved by the Supreme Court in the Perkins case and has since that time been recognized by express statutory provision. A person claiming to be a citizen of the United States, whose citizenship is denied by the executive branch of the Government, has a right to secure an adjudication of his status by an action for declaratory judgment, either against the Secretary of State or the Attorney General, according to the circumstances. It does not seem to the Court, however, that an action for a declaratory judgment should be maintainable to review deportation or exclusion orders, which are matters of an entirely different type.

■ Courts have a certain degree of discretion to determine whether to grant a declaratory judgment. Deportation matters must be decided in a more or less summary manner. They must be determined expeditiously. The recognized method of securing a judicial review is by a writ of habeas corpus, which permits of summary and expeditious disposition. It certainly

would be appalling to permit every deportation and every exclusion proceeding under the immigration laws to be brought into the United States District Court for the District of Columbia for review by an action for a declaratory judgment against the Attorney General, for this is the only district in which the Attorney General may be sued. The enforcement of the immigration laws would be hampered and possibly even frustrated if this were permitted. The plaintiff is sufficiently protected by his right to maintain a habeas corpus proceeding in the district in which he is held in custody.

■■ The Court may add that while it may well be that the judicial review provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., are applicable, nevertheless, the Administrative Procedure Act specifically and expressly provides that the type of previously existing review should be the remedy to be followed under that Act, unless the previously existing mode of review is inadequate. The Court has reference to Section 1009, subsection (b), of Title 5 of the United States Code Annotated, which specifically enumerates habeas corpus as a suitable form of legal review. Therefore, even if the Administrative Procedure Act is applicable—and the Court is inclined to the view that some provisions of that Act are applicable to deportation matters and some are not—nevertheless, the Administrative Procedure Act points to habeas corpus as the proper mode of review. Consequently, whether the plaintiff relies on the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, or the Administrative Procedure Act, the present complaint may not be maintained. The plaintiff's sole remedy is by way of a petition for a writ of habeas corpus in the district in which he is being restrained of his liberty.

The complaint is dismissed on the merits, without prejudice to a petition for a writ of habeas corpus in the proper district.