No. 18,615.

ARTHUR J. TAYLOR *v*. HARRY C. TINSLEY, WARDEN, ETC.
(330 P. [2d] 954)

Decided October 27, 1958.

Mr. H. R. HARWARD, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE parties will be referred to herein as they ap-

peared in the trial court where plaintiff in error was plaintiff and defendant in error defendant.

Plaintiff filed in the court below a complaint for declaratory judgment, R.C.P. Colo. 57. In it he alleged that he was confined in the state penitentiary pursuant to mittimus issued by the district court in and for the county of Rio Blanco, State of Colorado, and that the defendant is the authorized warden of the penitentiary where he is confined. He alleges that the warden failed to give him certain credits to which he believed he is entitled under various statutes, to-wit: C.R.S. '53, 105-4-4, 5, 6 and 10. In his complaint he prays for a determination of his status under the various statutes cited and for an order of court directing the defendant warden to make certain corrections in the prison records and to give him certain credits which he claims under C.R.S. '53, 105-4-4 and 5. The court, after hearing, dismissed the complaint, giving as a reason that it "fails to state a judiciable issue."

*The question to be determined is: Did the court err in dismissing the complaint and in holding that it did not state a judiciable issue?*

This question is answered in the negative.

██ There is no allegation in plaintiff's complaint and there was no showing at the hearing that the change requested by him in the penitentiary records was necessary to or would in any manner change his then present rights or status. He does not claim that an alteration of the record, if made at the time of his complaint, would entitle him to discharge or even consideration for parole. It is not the function of the courts, even by way of declaration, to adjudicate with respect to administrative orders in the absence of a showing that a judgment, if entered, would afford the plaintiff present relief. Declaratory judgment proceedings may not be invoked to resolve a question which is non-existent, even though it can be assumed that at some future time such question

may arise. As was stated by this court in *Gabriel v. Regents,* 83 Colo. 582, 267 Pac. 407:

" * * * The real question, and the only one considered by the learned trial Judge, is, 'Have such questions "arisen"?' * * * This act was not intended to repeal the statute prohibiting judges from giving legal advice, nor to impose the duties of the profession upon the courts, nor to provide advance judgments as the basis of commercial enterprises, nor to settle mere academical questions. All these things are, however, accomplished by the statute if this complaint is good * * *."

See also *Denver v. Lynch,* 92 Colo. 102, 18 P. (2d) 907, and *Mulcahy v. Johnson,* 80 Colo. 499, 252 Pac. 816.

It seems patent that the complaint in this case falls clearly within the prohibitions of these cases. Plaintiff asks the court to advise him of the meaning of the statutes and to order changes in the records concerning his incarceration without establishing that his rights or status would be affected by such adjudication. The only relief that could be granted to plaintiff would be some change on a record card. Because construction of the statute by the court would not change his status or entitle him to immediate discharge or parole from prison, the court was right in dismissing the action.

It is apropos to comment here that even though a change in the record, under such interpretation of the statute as is sought by the plaintiff, might entitle him on some future day to a release from prison in advance of the time calculated by the prison records, declaratory relief is improper. He has a remedy in habeas corpus in which a coercive judgment could be entered. There can be no coercive judgment in a proceeding under the declaratory judgment rule.

The Supreme Court of Indiana had occasion to discuss under similar facts the impropriety of declaratory relief in *Hinkle v. Howard,* 225 Ind. 176, 73 N.E. (2d) 674. The facts in that case as stated by the court were as follows:

"Appellant filed his petition for a declaratory judgment in the LaPorte Circuit Court. It alleged in substance that he was convicted of forgery in the Grant Circuit Court on May 4, 1934, and sentenced to the state prison for an indeterminate term of not less than two nor more than fourteen years. He avers that he was thereafter released on parole but was returned to prison for violation, and was then, by the prison authorities, given the remainder of his fourteen year term, because of the violation. Appellant contends that this action of the prison authorities made his sentence a determinate sentence of fourteen years, and that he is entitled to the good time allowance on a determinate sentence of fourteen years, which would be five years, and reduce his determinate sentence to nine years. On this theory he should have been released on May 4, 1943."

The court then held:

"The rule is well settled that one who seeks to avail himself of a remedy provided by statute must, by his pleadings, bring himself substantially within the provisions of the statute on which he relies. Franklin v. Franklin, 1880, 71 Ind. 573, 575; Fink v. Cleveland, etc., R. Co., 1914, 181 Ind. 539, 543, 105 N.E. 116; Wilmont v. City of South Bend, 1943, 221 Ind. 538, 543, 544, 48 N.E. 2d 649; Ettinger v. Robbins, 1945, 223 Ind. 168, 171, 172, 59 N.E. 2d 118.

"The particular section of the Declaratory Judgment Law upon which appellant's action is based is §3-1102, Burns' 1946 Repl., which so far as applicable to appellant's complaint is as follows: 'Any person * * * whose rights, status or other legal relations are affected by a statute, * * * may have determined any question or construction or validity arising under the * * * statute, * * * and obtain a declaration of rights, status or other legal relations thereunder.'

"This court has held that the only new remedy afforded by the Declaratory Judgment Law is to provide an adequate remedy in cases where no cause of action

has arisen authorizing an executory judgment, and where no relief is or could be claimed. Relief under this statute can not be had where another established remedy is available. It is not intended to abolish the well-known causes of action, nor does it afford an additional remedy where an adequate one existed before. It should not be resorted to where there is no necessity for a declaratory judgment. Brindley v. Meara, 1935, 209 Ind. 144, 198 N.E. 501, 101 A.L.R. 682.

"If the averments of appellant's complaint are taken as true, including his contention that his sentence became a determinate sentence because of the action of the prison authorities, then he would have had an available action of habeas corpus maturing May 4, 1943. Habeas corpus is a coercive action and by it — assuming his contentions to be correct and sound — full and complete relief could be granted. Hinkle v. Dowd, Warden, 1944, 223 Ind. 91, 58 N.E. 2d 342. From his complaint it thus appears that appellant had a full, adequate and complete remedy at law by way of habeas corpus, and therefore agreeable with the holding in Brindley v. Meara, supra, he can not have the additional remedy provided for by the Declaratory Judgment Law."

Enunciating the same general principles is *Clark v. Memolo,* 174 F. (2d) 978, where the court stated:

"The Declaratory Judgment Act was designed to provide a remedy in a case or controversy while there is still opportunity for peaceable judicial settlement. It was the primary purpose of the act to have a declaration of rights not theretofore determined, and not to determine whether rights therefore adjudicated have been properly adjudicated. To permit every person convicted in any United States District Court who claimed that his sentence was void because of a violation of his constitutional rights, such as double jeopardy, appointment of counsel, and the like, to maintain an action in the District of Columbia to set such sentence aside, would create a conflict of jurisdictions which was not contem-

plated or intended by the Declaratory Judgment Act. Di Benedetto v. Morgenthau, supra; Valenti v. Clark, D. C., 83 F. Supp. 167; United States v. Rollnick, D.C.M.D. Pa. 33 F. Supp. 863; Avery Freight Lines v. White, 245 Ala. 618, 18 So. 2d 394, 154 A.L.R. 740. The action for declaratory judgment is not suitable and does not lie in the District of Columbia in such cases as a substitute for a motion to vacate or to correct the sentence in the court where it was imposed, or as a substitute for habeas corpus in the district where the unlawful detention occurs, or as a substitute for a new trial or appeal. *Unless so restricted there would be no end to that kind of litigation."* (Emphasis supplied.)

For the reasons herein set forth, the judgment of the trial court is affirmed.