The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF EAGLE, STATE OF COLORADO; the Board of Equalization of the County of Eagle and the County Assessor of the County of Eagle, Plaintiffs-Appellees and Cross-Appellants,

v.

The COLORADO BOARD OF ASSESSMENT APPEALS; Martin E. Fisch, R. N. Patton, and Sheldon D. Brooks, as members of the Colorado Board of Assessment Appeals and Vail Run Resort Community Association, Inc., a Colorado corporation, Defendants-Appellants and Cross-Appellees.

No. 80CA0294.

Colorado Court of Appeals,
Div. I.

Feb. 13, 1981.

Rehearing Denied March 5, 1981.

Certiorari Denied May 18, 1981.

Beth A. Rigggert and George Rosenberg, Eagle, for plaintiffs-appellees and cross-appellants.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Billy Shuman, Sp. Asst. Atty's. Gen., Denver, for defendants-appellants and cross-appellees Board of Assessment Appeals.

Bradley, Campbell & Carney, P. C., Victor F. Boog, Golden, for defendants-appellants and cross-appellees Vail Run Resort Community Association, Inc.

Gerald E. Dahle, Frisco, Gregory F. Long, Hot Sulphur Springs, Daniel S. Maus, Steamboat Springs, Richard D. Lynton, Breckenridge, for amicus curiae.

PIERCE, Judge.

This action concerns the increase in assessed valuation of the time share estates in the condominium units of the defendant Vail Run Resort Community, Inc.

In 1977, a hearing was conducted before defendant the Colorado Board of Assessment Appeals (State Board) establishing the value of the time share property which is the subject of this action. The assessed value of the property was determined with reference to the 1973 level of value and the property tax administrator's 1973 manual and associated data in accordance with § 39-1-104(9)(a), C.R.S.1973 (1979 Cum. Supp.). The assessment procedure involved a separate assessment of each time share estate by attributing to each estate its proportionate share of the overall value of the condominium unit.

In 1978, the county assessor increased the assessed value of the property by 200% to 300%. The State Board found that the increased assessment was not based upon the 1973 level of value, but rather involved an independent assessment of each time share unit. The State Board ordered the county assessor to reduce the valuation of the property to that in effect for 1977.

Plaintiffs, the Board of County Commissioners and the Board of Equalization, petitioned for judicial review of the findings and order of the State Board.

The district court found that the county assessor had correctly applied Colo. Sess. Laws 1977, ch. 489, § 38-33-111(2) (*now repealed, see* § 38-33-111(2), C.R.S.1973 (1979 Cum.Supp.), which provided for separate assessment of time share estates and allowed the county assessor to reassess the level of value of each time share estate at a

level of value higher than the 1973 level. The court further found that any increase in the 1978 assessed value was limited to the 125% increase ceiling mandated by § 39–1–103(5)(a), C.R.S.1973 (1979 Cum. Supp.), and therefore ordered that the State Board's order be set aside and that the county assessor change her record to reflect an increase in assessed valuation for 1978 not to exceed 125% of the level used in 1977. Defendants the State Board and Vail Run Resort Community Association, Inc., the attorney in fact for the time share owners involved in this dispute, appeal the district court's order. We affirm in part and reverse in part.

I.

■ Section 39–1–104(9)(a), C.R.S.1973 (1979 Cum.Supp.) provides that the 1973 level of value is to be used for determining the actual value of real property for the years 1977 through 1982.

Section 39–1–104(11)(b), C.R.S.1973 (1979 Cum.Supp.) states:

"The provisions of subsections (9) and (10) of this section are not intended to prevent the assessor from taking into account, in determining actual value during the intervening years between base years, any unusual conditions in or related to any real property which would result in an increase or decrease in actual value. For the purposes of this paragraph (b), an unusual condition . . . is limited to . . . change of use of the land [and] new regulations restricting or increasing the use of the land . . . ."

Plaintiffs contend on appeal that the enactment of §§ 38–33–110 and 38–33–111, C.R.S.1973 (1979 Cum.Supp.), which involve a legislative recognition of the time share estate as a distinct interest in real property, is tantamount to a change of the use of the land and is a new regulation increasing the use of the land. We disagree.

The enactment of § 38–33–110, C.R.S. 1973 (1979 Cum.Supp.), did not change the use of the subject property since this property functioned as time share estates prior to the enactment of this statute. Further,

the requirement of separate assessment of each time share unit did not increase the use of the property, but only recognized time share estates as a real property interest. See Colo. Sess. Laws 1977, ch. 489, § 38–33–111(2). Since the time share estates were separately assessed in 1977 at the 1973 level of value, the county assessor erred in reassessing this property without using the same level of value in 1978. Section 39–1–104(9)(a), C.R.S.1973 (1979 Cum. Supp.).

II.

■ Plaintiffs contend that the State Board's determination that the evidence did not support an increase in valuation is arbitrary and capricious and an abuse of discretion. We disagree.

■ On judicial review the decision of an administrative agency must be affirmed by a district court unless the court finds that the agency action is arbitrary or capricious. Section 24–4–106(7), C.R.S.1973 (1979 Cum. Supp.). A district court reviewing the decision of an administrative agency must find that the decision is unsupported by any competent evidence before the court may set aside the agency's decision as arbitrary or capricious. *Dolan v. Rust*, 195 Colo. 173, 576 P.2d 560 (1978).

Adequate evidence exists in the record which supports the State Board's conclusion that the subject property did not increase in actual value and that the 1973 level of value was not properly used by the county assessor in the determination of actual value for 1978. Hence, the district court erred in reversing the decision of the State Board. See § 24–4–106(7), C.R.S.1973 (1979 Cum. Supp.); *Dolan v. Rust, supra.*

III.

■ Plaintiffs assert that the district court erred in declining to afford them declaratory relief to delineate the method to be used in the valuation of time share estates under the statute at issue. We disagree.

The method by which valuation for taxation purposes is to be formulated is a legis-

lative function and is not a proper subject for judicial determination. *Citizens' Committee for Fair Property Taxation v. Warner*, 127 Colo. 121, 254 P.2d 1005 (1953). The criteria to be used in determining the actual value of real property is set forth in § 39–1–103(5), C.R.S.1973 (1979 Cum.Supp.), and the assessor's duties are established in § 39–5–101 *et seq.* C.R.S.1973 (1979 Cum. Supp.). The State Board's order was predicted upon the county assessor's misapplication of these statutory mandates and the failure to use the 1973 level of actual value as required by § 39–1–104(9)(a), C.R.S.1973 (1979 Cum.Supp.). Plaintiffs cannot contend that the General Assembly has remained silent as to the duties of the county assessor. Therefore, the district court properly declined to exercise declaratory relief here. *See Taylor v. Tinsley*, 138 Colo. 182, 330 P.2d 954 (1958).

The judgment of the district court is affirmed as to the declaratory judgment issue, reversed as to the valuation issue, and the cause is remanded to the district court with instructions to reinstate the order of the State Board.

COYTE and VAN CISE, JJ., concur.