**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT & POWER DISTRICT, Petitioner-Appellant,**

v.

**BOARD OF ASSESSMENT APPEALS of the State of Colorado, and Property Tax Administrator of the State of Colorado, Respondents-Appellees.**

No. 84CA1110.

Colorado Court of Appeals,
Div. II.

March 6, 1986.

Rehearing Denied (Salt River)
April 3, 1986.

Sherman & Howard, Karen M. Zulauf, Raymond J. Turner, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Billy Shuman, Deputy Atty. Gen., Denver, for respondents-appellees.

BABCOCK, Judge.

Salt River Project Agricultural Improvement and Power District (Salt River) appeals from a judgment of the district court affirming the Board of Assessment Appeals (BAA) which had upheld valuation of Salt River's Colorado public utility property by the Property Tax Administrator (administrator). We affirm.

Before 1981, Salt River's Colorado property had been assessed for ad valorem taxation using the net book method. In 1982 this method was replaced by a method which combined cost and income valuation on a system basis. This resulted in an increase of 3.8 million dollars in Salt River's assessed value. Salt River protested because a co-owner of its Colorado public utility plants were assessed at lower values relative to their ownership interests.

Salt River first alleges that the trial court erred in holding that the assessment did not violate the Colorado constitutional provision concerning uniformity. We disagree.

Colo. Const. art. X, § 3, provides:

"All taxes shall be uniform upon each of the various classes of real and personal property located within the territorial limits of the authority levying the tax...."

■ The uniformity requirement is met if the same means and methods are applied impartially to all the constituents of each class, in this case public utilities. *Citizens' Committee for Fair Property Taxation v. Warner*, 127 Colo. 121, 254 P.2d 1005 (1953).

■ The method by which valuation for taxation purposes is to be formulated is a legislative function and is not a proper subject for judicial determination. *Board of County Commissioners v. Colorado Board of Assessment Appeals*, 628 P.2d 156 (Colo.App.1981). The legislative method under which public utilities are assessed is specified in § 39–4–102, C.R.S. (1982 Repl.Vol. 16B). That section mandates that each public utility's value be determined as a unit and directs the administrator to consider several factors, including the cost, market, and income approaches, which in the administrator's judgment will secure a just value of the public utility as a unit. The administrator's assessment is presumed correct, and mere error of judgment or over valuation is not sufficient to overturn the determination. *Citizens' Committee for Fair Property Taxation v. Warner, supra.*

■ Here, it is undisputed that the administrator used a method which combined cost and income approaches in the initial assessment of all public utilities of Salt River's class, including Salt River's co-owner. Further, Salt River agrees that that method of assessment is authorized under § 39–4–102, C.R.S. (1982 Repl.Vol. 16B). However, Salt River claims that, because the administrator later revalued its co-owner under a net book method, that same method should have been applied to it to revalue its property.

The record reflects that the administrator's use of a net book method for Salt River's co-owner was applied for the pur-

pose of *raising* the co-owner's assessment. The co-owner did not protest the increased assessment, and the higher assessment reduced the disparity between Salt River and its co-owner. Moreover, the record shows that the initial disparity in assessment between Salt River and its co-owner resulted because Salt River generated more income in 1982 from its proportionate ownership of the Colorado plants than did its co-owner. Hence, we conclude that the increased assessment of Salt River's co-owner does not affect the impartiality of Salt River's assessment.

Since the method employed by the administrator was authorized under § 39–4–102, C.R.S. (1982 Repl.Vol. 16B) and since that method was applied uniformly in assessing public utilities in Salt River's class, we hold that the trial court was correct in concluding that the assessment did not violate the Colorado Constitution.

■ Salt River's argument that it should have been assessed by the cost method authorized by § 39–4–102(2), C.R.S. (1982 Repl.Vol. 16B) is without merit. The use of this method is discretionary under that section, and the administrator testified that this method was not used for Salt River because of a difference ·in the actual amount of a sale by Salt River of an interest in its property and the amount by which that sale was carried on Salt River's books. Therefore, we hold that the administrator did not abuse her discretion in deciding not to value Salt River under that section. *See Board of County Commissioners v. Colorado Board of Assessment Appeals, supra.*

Salt River next asserts that the trial court erred in holding that the administrator properly adjusted values in accordance with § 39–4–102(3)(a), C.R.S. (1982 Repl. Vol. 16B). This argument is without merit.

■ The plain language of that section requires the administrator to apply an equalization factor to the current year's actual value of each public utility so that its value can be adjusted to the 1981 level of value. This is exactly what the adminis-

trator did. Salt River's contention that this section requires that the 1982 assessment must not exceed the 1981 assessment runs contrary to the plain language of the statute, and we therefore reject it.

Salt River's final argument is that the trial court erred in ruling that the assessment did not violate the Commerce Clause of the United States Constitution. We disagree.

■ The Commerce Clause of the United States Constitution does not relieve those engaged in interstate commerce from their just share of the state tax burden. *Western Live Stock v. Bureau of Revenue*, 303 U.S. 250, 58 S.Ct. 546, 82 L.Ed. 823 (1938). A state may tax interstate commerce if the tax: (1) has a substantial nexus with the state; (2) is fairly apportioned; (3) does not discriminate against interstate commerce; and (4) is fairly related to the services provided by the state. *Maryland v. Louisiana*, 451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981).

We disagree with Salt River's claim that the third requirement was not met in this case. So long as the assessment does not favor local interests, and is computed uniformly, then there is no differential tax treatment of interstate and intrastate commerce. *See Commonwealth Edison Co. v. Montana*, 453 U.S. 609, 101 S.Ct. 2946, 69 L.Ed.2d 884 (1981).

■ Here, the method of assessment was the same for all public utilities in Salt River's class, and intrastate companies were not favored. The fact that Salt River's co-owner may have paid less tax because its revenues were smaller does not justify a charge of discrimination by a nonregulated foreign utility. Salt River's property was valued in relation to the income which it generated, and intrastate public utilities were valued in the same manner. We therefore conclude that the assessment did not violate the Commerce Clause of the United States Constitution. *See Commonwealth Edison Co. v. Montana, supra.*

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.