**CONNECTICUT GENERAL LIFE IN-SURANCE COMPANY, a Connecticut corporation, Plaintiff–Appellant,**

v.

**A.A.A. WATERPROOFING, INC., a Colorado corporation; AHW Engineering Company; Alpen Construction and Development Company, Inc., a Colorado corporation; Alpine Heating & Air Conditioning, Inc., a Colorado corporation; BSW Architects; Bathrick and Company, a Colorado corporation; Cameron Roofing; Chen & Associates, Inc.; Dan's Concrete; The Electri–Serve Corporation, a Colorado corporation; Executive Plumbing and Heating, Inc., a Colorado corporation; Flatiron Pre–Mix Concrete Company, d/b/a Flatiron Concrete Construction Company, Inc., a Colorado corporation; Formwork Services, Inc.; Allen Keesen Landscape, Inc., a Colorado corporation; Fountain Valley Construction Company, d/b/a Master Aquatech Pools, Inc., a Colorado corporation; Howell McKnight Associates; Nelson Pipeline Constructors, Inc., a Colorado corporation; North Valley Concrete Corporation, a Colorado corporation; Richard D. Osbaugh; Osbaugh/Miller Associates, Inc.; Patterned Concrete; P**

**& W Corporation; PCA Contractors, Inc., a Texas corporation; Property Company of America, Inc., a/k/a Property Company of America, a Texas corporation; Gerald J. Schlegel; Randall W. Sligarr; Mervin Leroy Snowden; Snowden, Vorba Engineering; Robert P. Sober; Specialized Forming Systems, a/k/a Specialized Forming, Inc., a suspended Colorado corporation; Verlin G. Torgerson; Kenneth W. Viburg, d/b/a Ken's Grading; James Watanuki; Zak Dirt, Inc., a Colorado corporation, Defendants,**

and

**Concerning American Motorists Insurance Company, Garnishee–Appellee.**

No. 94CA0546.

Colorado Court of Appeals, Div. II.

Sept. 14, 1995.

Rehearing Denied Oct. 12, 1995.

Certiorari Granted March 4, 1996.

Weller Friedrich, L.L.C., Dennis J. Bartlett, Andrew J. Friedrich, Denver, for Plaintiff–Appellant.

No appearance for Defendants.

Weinberger & Kanan, P.C., Daniel B. Galloway and Thomas L. Kanan, Denver, for Garnishee–Appellee.

Opinion by Judge CASEBOLT.

In this garnishment proceeding to determine coverage under a liability insurance policy, plaintiff-garnishor, Connecticut General Life Insurance Company (CGLIC) appeals the judgment entered on the pleadings in favor of defendant-garnishee, American Motorists Insurance Company (American). We reverse and remand.

Before the commencement of this garnishment proceeding, CGLIC sued Property Company of America, Inc., and PCA Contractors, Inc., (PCA) for damages PCA allegedly caused to an apartment complex owned by CGLIC. PCA had insurance coverage through American. American initially provided a defense under the insurance contract to PCA for CGLIC's claims and the attorney retained to defend PCA filed an answer on behalf of PCA.

After tendering a defense to the CGLIC claims, American filed a separate declaratory judgment action against its insured, PCA, contending that it had no duty to defend nor to indemnify PCA for claims asserted by CGLIC. American did not join CGLIC as a party in the declaratory judgment action.

PCA failed to respond to the declaratory judgment action commenced by American. Consequently, a default judgment was entered in favor of American, determining that there was no duty to defend or indemnify against the claims asserted by CGLIC in the separate action.

After the time for appeal of that judgment had passed, American withdrew the defense it had provided to PCA and the attorney it had hired to represent PCA sought to withdraw. At that time CGLIC first became aware of the declaratory judgment action that American had filed against PCA.

After the attorney hired by American was allowed to withdraw, CGLIC obtained a default judgment against PCA in the underlying tort action. Thereafter, CGLIC commenced this garnishment proceeding to collect on its judgment against PCA. It contended that American's policy provided coverage to PCA; hence, the proceeds of that policy were available to satisfy its judgment. It further asserted that the declaratory judgment obtained by American was not binding upon it because it had not received notice of the proceeding and had not been joined therein.

American defended the garnishment proceeding on the basis that it had no obligation to join CGLIC in the declaratory judgment proceeding, that the declaratory judgment in its favor had conclusively determined that there was no coverage for PCA for CGLIC's claims, and that, thus, there was no debt that could be garnished by CGLIC.

The trial court agreed with American. Based upon the allegations of the garnishment, the answer to the writ, and the traverse of the answer, all of which set forth the essential facts noted above, the court granted American's motion for judgment on the pleadings.

CGLIC contends that the trial court erred in granting judgment on the pleadings in favor of American because the declaratory judgment American obtained against PCA was not binding on CGLIC. Specifically, CGLIC argues that American's failure to notify CGLIC or name CGLIC as an interested party in the declaratory judgment action or its premature litigation of the declaratory judgment action with PCA prevents the declaratory judgment from being binding upon it. While we disagree with the first premise, we agree with the second and, consequently, reverse and remand.

I.

Initially, the parties dispute the applicable standard of review. CGLIC argues that the standard of review is *de novo*, asserting that the trial court treated the motion for judgment on the pleadings as a motion to dismiss under C.R.C.P. 12(b)(5). Consequently, it asserts, we are to determine, assuming facts most favorable to the non-moving party, whether CGLIC could prove no set of facts that would entitle it to relief.

American, citing *Trinity Broadcasting v. Westminster*, 848 P.2d 916 (Colo.1993), asserts that the highly deferential "clearly erroneous" standard of review applies here because the trial court's determination essentially constitutes a finding that it lacked subject matter jurisdiction.

█ In a garnishment proceeding, the answer to the writ and traverse frame the issues. *Kennedy v. Aerr Co.*, 833 P.2d 807 (Colo.App.1991). A motion for judgment on such pleadings is governed by C.R.C.P. 12(c), which provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

█ In considering a motion for judgment on the pleadings, the court must construe the allegations of the pleadings strictly against the movant, must consider the allegations of the opposing parties' pleadings as true, and should not grant the motion unless the pleadings themselves show that the matter can be determined on the pleadings. *Strout Realty, Inc. v. Snead*, 35 Colo.App. 204, 530 P.2d 969 (1975).

█ This standard is essentially consistent with that employed in resolving a motion to dismiss for failure to state a claim. *See Espinoza v. O'Dell*, 633 P.2d 455 (Colo.1981). Thus, our review of a trial court's determination of such a motion is likewise *de novo*. *See Abts v. Board of Education*, 622 P.2d 518 (Colo.1980).

█ Under that standard, we determine whether there were issues of fact disclosed by the pleadings and whether the trial court correctly applied the controlling substantive law; that is, we apply the same standards applied by the trial court in the first instance. *See Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

Here, we find no disagreement in the pleadings concerning the facts; rather, the dispute centers around the applicable substantive law. We therefore proceed to determine the law applicable to the undisputed facts.

## II.

In garnishment proceedings, C.R.C.P. 103 provides a method by which a judgment creditor may reach supposed assets of the debtor which are under the control of third parties and to determine ownership and distribution, if appropriate. *Rocky Mountain Ass'n of Credit Management v. Hessler Manufacturing Co.*, 37 Colo.App. 551, 553 P.2d 840 (1976).

█ The judgment creditor attempting to enforce the debt allegedly due the debtor from the garnishee has the burden of proving the existence and validity of the indebtedness of the garnishee. *Maddalone v. C.D.C., Inc.*, 765 P.2d 1047 (Colo.App.1988).

█ A judgment creditor may garnish a liability insurance carrier in order to collect on a judgment against the carrier's insured. However, the garnishment proceedings will be dismissed when there is no coverage under the policy for the incident in question. *Kennedy v. Aerr Co.*, *supra*; *Coin Service Investors, Inc. v. Grooms*, 743 P.2d 42 (Colo.App.1987) (absence of debtor-creditor relationship bars garnishment proceedings).

Ordinarily, the declaratory judgment obtained by American would establish that American owed no debt and provided no coverage to PCA that would be subject to garnishment because the declaratory judgment was obtained before service of the writ of garnishment. *See General Accident Fire & Life Assurance Corp. v. Mitchell*, 120 Colo. 531, 211 P.2d 551 (1949) (plaintiff must establish at the time of service of the writ of garnishment that the garnishee has funds or property in its possession that would be recoverable in an action by defendant).

Here, however, the issue is more complex because of CGLIC's claim that it should have been joined in the declaratory judgment action and that, absent such joinder or notice, it

cannot be bound thereby and may relitigate the coverage question.

C.R.C.P. 57 allows any person interested under a written contract to have determined any question of construction or validity arising under the contract and to obtain a declaration of rights or relations thereunder. C.R.C.P. 57(j), which governs parties in such actions, provides, in pertinent part:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

■ A declaratory judgment action must be based on an actual controversy. *Community Tele–Communications, Inc. v. Heather Corp.,* 677 P.2d 330 (Colo.1984). Such an action is appropriate only when the rights asserted are present and cognizable ones; it may be used only when appropriate to adjudicate present rights upon established facts, not to seek an advisory opinion on a hypothetical basis. *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

■ A declaratory judgment action is appropriate only when the judgment would afford the plaintiff present relief. Thus, a declaratory judgment proceeding may not be invoked to resolve an issue which does not currently exist, even though it can be assumed that the question may arise at some future time. *Taylor v. Tinsley,* 138 Colo. 182, 330 P.2d 954 (Colo.1958).

■ The first question, then, is whether CGLIC had or claimed any present interest that would be affected by the declaration of rights sought by American against PCA, its insured, sufficient to *require* that CGLIC either be joined in the proceeding, or be notified thereof. We conclude that it did not.

In *Farmers Insurance Exchange v. District Court,* 862 P.2d 944 (Colo.1993), the supreme court held that an injured claimant who has yet to obtain a judgment against an alleged tortfeasor has no standing to litigate coverage issues in a declaratory judgment action against the tortfeasor's liability insurance carrier. In making that determination,

the court concluded that such a claimant has no present interest to assert against the liability carrier. It held that a party who has not yet obtained a judgment against the insured:

has no legally protected right or cognizable interest at stake unless and until she has established [the insured's] liability. [The plaintiff's] rights are contingent on her successful litigation of the personal injury suit. When the rights of the plaintiff are contingent on the happening of some event which cannot be forecast and which may never take place, a court cannot provide declaratory relief. At this time in the litigation, a declaratory judgment would not change [the plaintiff's] legal rights or status. There is no existing legal controversy between [the plaintiff] and [the insurance company] sufficient to warrant a declaratory judgment action.

*Farmers Insurance v. District Court, supra,* 862 P.2d at 948.

Recently, a division of this court in *New Hampshire Insurance Co. v. Constitution Associates,* 908 P.2d 1163 (Colo.App.1995), applying the *Farmers* rationale, determined that an insurance carrier and a third-party tort claimant lacked standing to seek declaratory relief against each other, absent the existence of a judgment in favor of the claimant in the underlying action or a contractual relationship between them.

Even though CGLIC is in a different position than the claimant was in *Farmers,* we conclude that the reasoning of *Farmers* is applicable to the facts here. We see no difference between the analysis of whether a plaintiff has sustained "an injury in fact to a legally protected interest" *see Wimberly v. Ettenberg,* 194 Colo. 163, 168, 570 P.2d 535, 539 (1977), and the analysis under C.R.C.P. 57(j) that requires all persons to be made parties to the action who "have or claim any interest which would be affected by the declaration." In either case, the interest claimed must be one that is legally cognizable.

If, as in *Farmers, supra,* an injured claimant lacks a sufficient cognizable interest to bring a declaratory judgment action, it is

difficult to perceive how such a claimant could insist that it be joined as a defendant in such an action. To hold otherwise would require us to hold that an injured claimant *cannot* be a plaintiff in a declaratory judgment action involving an insured and his or her carrier but, nevertheless, *must* be a defendant therein.

Here, prior to obtaining a judgment against PCA, CGLIC was not a judgment creditor. Its interest in the insurance policy was contingent and non-existent at the time American filed its declaratory action, even though it could be assumed that at some future time CGLIC *might* have an interest in the policy. *See Taylor v. Tinsley, supra.* CGLIC had no legal rights against American at the time American filed its declaratory judgment action against PCA and, thus, had no legal interest in the insurance proceeds. Therefore, CGLIC at that time was not required to be included in or have notice of the declaratory judgment action between American and PCA.

■ CGLIC, nonetheless, argues that if *Farmers, supra,* is read in conjunction with, and in light of *Hartford Insurance Group v. District Court,* 625 P.2d 1013 (Colo.1981) and *Hecla Mining Co. v. New Hampshire Insurance Co.,* 811 P.2d 1083 (Colo.1991), a different result is dictated. While we do not agree that the *standing analysis* is different, we are convinced that, under *Hartford* and *Hecla,* American could not properly apply for a declaratory judgment respecting its duty to indemnify PCA before a judgment had been entered against PCA in the damage action commenced by CGLIC. Therefore, CGLIC is not bound by the default judgment as to the duty to indemnify entered in the declaratory action filed by American.

Our analysis begins with *Hartford Insurance Group v. District Court, supra.* That action arose out of an accident involving two tractor-trailer trucks. After one of the drivers sued the other driver and his employer, the employer's liability carrier sought a declaratory judgment that its policy provided no coverage, alleging that the defendant driver's actions were intentional, not negligent, and that such actions were not undertaken within the course and scope of his employ-

ment. The trial court initially consolidated the two actions, but later entered an order staying proceedings in the declaratory judgment action, pending the trial of the underlying action and the determination whether defendants were, in fact, liable to the injured plaintiff. The liability carrier then instituted original proceedings in the supreme court to have that stay order vacated.

The supreme court affirmed, determining that there was no abuse of discretion by the trial court in entering the stay order. In doing so, it emphasized two important considerations.

First, it noted that requiring an insured to defend against a declaratory judgment action by its carrier before proceedings in the damage case are completed could well compromise that insured's defense in the underlying case. Hence, to prove that the driver's actions were not intentional, the insured in *Hartford* would have been required, in effect, to demonstrate that those actions were negligent—a showing that the insured would then be estopped from denying in the damage action.

Second, and of considerable significance here, the court noted that, even if the fact finder in the damage action found that the driver's actions were merely negligent, and not intentional, such finding would *not* be binding upon the carrier in the later declaratory judgment proceeding. Hence, the carrier could not be prejudiced by being required to await the outcome of the damage trial, which might render any policy coverage question moot, before proceeding with its declaratory judgment action.

The first consideration, the unfairness of requiring an insured to defend a declaratory judgment action while a damage suit by a third party is pending, was re-emphasized by the supreme court in *Hecla.* In that case the insurance carriers for a mining company sought a declaratory judgment to determine whether a duty to defend and a duty to indemnify existed under their liability policies for pollution allegedly precipitated by the mining company.

There, the court, relying upon the decision in *City of Johnstown v. Bankers Standard Insurance Co.,* 877 F.2d 1146 (2d Cir.1989),

drew a marked distinction between a liability carrier's duty to *defend* an insured and its duty to *indemnify* that insured after a judgment for damages has been entered. It warned that, generally:

> The appropriate course of action for an insurer who believes that it is under no obligation to defend, is to provide a defense to the insured under a reservation of its rights to seek reimbursement should the facts at trial prove that the incident resulting in liability was not covered by the policy, or to file a declaratory judgment action after the underlying case has been adjudicated.

*Hecla Mining Co. v. New Hampshire Insurance Co., supra,* 811 P.2d at 1089.

The *Hecla* court acknowledged that a declaratory judgment may be sought with respect to the issue of the duty to defend before resolution of the damage action, but only if that issue can be determined based upon a comparison of the allegations of the injured plaintiff's complaint with the terms of the policy; such an action cannot be maintained if it would require the receipt of evidence inconsistent with or external to those allegations.

Further, the court made clear that even this exception was *not* to be applied if the issue involved the carrier's duty to *indemnify*. Rather, the supreme court specifically noted that:

> The duty to defend and the duty to indemnify are separate and distinct. *Any* determination of whether [the carriers] have a duty to *indemnify* [the insured] is premature, and should not be made until the underlying claims are resolved.

*Hecla Mining Co. v. New Hampshire Insurance Co., supra* (fn. 5) (emphasis supplied).

Here, American's complaint sought a declaratory judgment not only concerning its duty to defend, but also its duty to indemnify. Under *Hecla,* the court in that action could not proceed with the determination concerning the duty to indemnify until a judgment against PCA had entered; prior to that time, any such declaration would be "premature." Consequently, CGLIC cannot be bound by that determination.

This determination is supported by *Farmers v. District Court, supra.* As noted above,

that case holds that, until an injured party obtains a judgment against the insured, that injured party has no legal interest in any question respecting the coverage of the liability policy. Thus, until a judgment in favor of a plaintiff is entered, no real controversy for purposes of the declaratory judgment rule concerning a duty to indemnify will be presented, regardless of the identity of the party requesting such a declaration.

■ We therefore conclude that CGLIC is not bound by the declaratory judgment obtained by American concerning its duty to indemnify PCA for damages claimed by CGLIC in its tort action.

The judgment is reversed, and the cause is remanded with directions to determine what coverage, if any, is available under American's policy with PCA to satisfy the judgment obtained by CGLIC, and for further proceedings, if necessary.

CRISWELL and JONES, JJ., concur.